JOHN O. TEELE *vs.* ASA S. HATHAWAY & others.

Suffolk.    March 16. — July 3, 1880.    AMES & LORD, JJ., absent.

A testator devised the residue of his estate to a trustee upon the following trusts: "In case my daughter shall be left a widow, to pay over to her, during her widowhood, all the interest on such sums as may be in his hands at the time she shall become a widow; and in case my said daughter shall leave any child or children, the amount in said trustee's hands shall be paid over to such child or children at their maturity, or when of full age of twenty-one years;" in case she should leave no child or children, the trustee was to pay over the amount in his hands to the testator's brother. The daughter survived the testator, and died leaving a husband and two children, one of whom subsequently died unmarried before either child came of age. *Held*, that the grandchildren took interests in the nature of remainders, which vested in them at least upon the death of their mother; and that the interest of the child who died passed upon his death to his father as his heir

BILL IN EQUITY, by the trustee under the will of Mary S. Barbour, to obtain the instructions of the court. Hearing before *Ames*, J. who reserved the case for the consideration of the full court. The facts appear in the opinion.

*J. F. Brown*, for Asa S. Hathaway.

*C. R. Train*, for Carl Hathaway.

MORTON, J. In the will which we are called upon to construe, the testatrix gives the residue of her estate to a trustee to hold in trust " for the following objects, to wit : In case my daughter shall be left a widow, to pay over to her during her widowhood all the interest on such sums as may be in his hands at the time she shall become a widow. And in case my said daughter · Mary L. Hathaway shall leave any child or children, the amount in said trustee's hands shall be paid over to such child or children at their maturity or when of full age of twenty-one years. And in case said Mary L. shall leave no child or children, then the amount in my trustee's hands shall be paid over to my brothers Joel and Benjamin or their several legal representatives, in equal proportions to said Joel and Benjamin or their several representatives, meaning their children."

The testatrix died in February 1875, leaving a daughter Mary L. Hathaway, who died in July 1875, leaving a husband and two children, Carl, who was born on February 25, 1872, and Simon, who was born on April 6, 1875, and who died on August 6, 1875.

Under these circumstances, we have no doubt that the brothers of the testatrix, Joel and Benjamin, take nothing under the will, the limitation over to them being intended to take effect in case the said Mary L. shall leave no child or children at her death, that is, upon a definite failure of issue.

The principal question in the case is, whether, under the eighth article, the equitable interests of the children of Mary vested either at the death of the testatrix or of Mary, or whether the vesting is postponed until the children respectively become of age.

The will is inartificially drawn, and we do not attach any importance to the fact that it is not in the form of a direct gift or bequest to the children, but of a direction to the trustees to

pay over to them at their maturity. The substantial purpose of the testatrix was to give the property to her grandchildren, to be enjoyed by them at their maturity. As a general rule, the law favors the vesting of gifts rather than the postponement, unless the latter is clearly shown to be the intention of the testator. In this will, we are not able to find any decisive indications of an intention that the gifts should not vest in right until the majority of the grandchildren. It seems clearly to have been the intention of the testatrix to dispose of all her estate, and not to leave any part of it as intestate property. There is a limitation over to her brothers in case Mary L. shall leave no children, but there is no limitation over in case she shall leave children at her death, which indicates an understanding on the part of the testatrix that in the latter case the property was fully disposed of by the will. But if the estate does not vest in the grandchildren until their maturity, then in case Mary L. should leave children and such children should die before maturity, the property would be undisposed of. In this important respect, as well as in other respects, this case differs from *Hall* v. *Hall*, 123 Mass. 120, relied upon by the counsel for the surviving grandchild.

Again, in construing the will, we must take our stand at the death of the testatrix and look at all possible contingencies. If the equitable estates of the grandchildren do not vest until their maturity, then in case one of the grandchildren should die before maturity leaving issue, such issue would take nothing, a result which would not be presumed to be intended by the testatrix unless such intention is clearly manifested.

Upon the whole, we are of opinion that, under this will, the grandchildren took interests in the nature of remainders, which vested in them at least upon the death of their mother. It is not necessary to inquire whether they vested at an earlier period. It follows that, upon the death of Simon Hathaway, his interest in the trust fund passed to his father under our statutes of distribution, and the trustee holds the fund one half for the benefit of Carl, and one half for the benefit of the father, Asa S. Hathaway. As to this last-named half, the trustee holds it upon a mere dry trust. As to it, the scheme of the testatrix has been defeated by the events which have happened, and the *cestui que trust* is *sui juris* and capable of managing his property. It is

not for the interest of any one that the trust should be continued; and we are therefore of opinion, that, as to this part of the fund, the trust should be terminated, and the amount paid over to Asa S. Hathaway. *Decree accordingly.*