EBEN WRIGHT and another *vs.* GEORGE WHITE, trustee.
SAME *vs.* GEORGE F. FABYAN and another, trustees.

Essex.   Nov. 8, 1883. — Feb. 29, 1884.   W. ALLEN & HOLMES, JJ., absent.

A testator, by a codicil to his will, revoked a devise and bequest of one fifth of the residue of his estate to one of his sons, and devised said one fifth to trustees in trust " to manage, invest, and reinvest the same from time to time," as his son might wish, and to pay the net income to his son, half-yearly, during his life. On the death of the son, the testator gave said one fifth part to his son's children, equally, in fee simple, the issue of any deceased child taking his or her parent's share by right of representation.  If, at the time of the son's death, any child of his was under the age of twenty-one years, his " share of the trust fund " was to " continue to be held and managed " by said trustees, " and paid over to him or her only as he or she shall respectively come of age."  If any child of his son should die under twenty-one, his share of the principal was to be paid over and conveyed to his or her issue, if any; otherwise, to his or her brothers and sisters.  If the son should leave no issue, or if all his children should die under the age of twenty-one years, and without leaving issue living at their decease, then at the death of the son without issue, or at the death of the last survivor of the children, " the principal " of the trust fund was to be paid or conveyed to the testator's heirs at law.   *Held*, that, on the death of the testator's son, his minor children took vested interests in the trust fund subject to be devested on their dying under twenty-one years of age, and that until their attaining that age, or dying before, they were entitled to a share of the net income of the fund.

FIELD, J.   The first case is an appeal from a decree of the Probate Court, on a petition brought by the infant children of John H. Wright, under the Pub. Sts. *c.* 141, § 27, and *c.* 127, § 34.

The cause is submitted upon the will and codicils of said Wright, without proof of any extrinsic facts.   It is plain enough that the testator had very decided opinions upon the disposition to be made of his property, and the deserts of those who had a claim upon his bounty; but there is such a lack of uniformity in the different provisions made for his children and their issue, that no very satisfactory inference of his intentions in regard to

any one child, and his or her issue, can be drawn from the provisions made for the other children and their issue. This case depends principally upon the construction to be given to the second article of the fifth codicil. This article is as follows :

"Second. I revoke the devise and bequest of one fifth of my estate to my son John H. Wright, as set forth in the sixth article of my will, and in lieu thereof I give, bequeath, and devise said one fifth part of the rest, residue, and remainder of my estate, real and personal, to said John H. Wright, Eben Wright, and George F. Fabyan, in fee simple, but in trust to manage, invest, and reinvest the same from time to time as said John H. may wish or direct, and in default of the expression of such wish or direction, then either by loaning it to the firm of J. S. and E. Wright & Co., or in other personal or real estates, at their discretion, and to pay the whole net income thereof to said John H. Wright, half-yearly, during his life; and at his decease I give said one fifth part of my estate to his children, then living, equally if more than one, in fee simple, the issue of any deceased child taking his or her parent's share by right of representation. If at the time of my said son's decease any child of his shall be under the age of twenty-one years, his or her share of said trust fund shall continue to be held and managed as aforesaid by my trustees, and paid over to him or her only as he or she shall respectively come of age. If any child of said John shall die under twenty-one years of age, his or her share of the principal of this trust fund shall be paid and conveyed to his or her issue, if any, in fee simple, otherwise to his or her surviving brothers or sisters (if any) in fee simple, the issue of any deceased brother or sister (if any) taking his or her parent's share by right of representation. But if my son shall leave no issue living at his decease, or if all his children shall die under the age of twenty-one years, and without leaving issue living at their decease, at the death of my son without issue, as aforesaid, or at the death of the last survivor of such children, as the case may be, the principal of this trust fund then remaining in the hands of the trustees shall be paid or conveyed to the persons who may then be my heirs at law, in fee simple, in the same way, manner, and proportion as if I had then died seised thereof intestate."

The construction we put upon this article is, that the infant children of John H. Wright, on his death, took vested interests subject to be devested on their dying under twenty-one years of age. The general rule is, that, if a bequest of a residue vests subject to be devested on the happening of a contingency, the first legatee is entitled to receive the income accruing until the contingency happens, unless a different intention on the part of the testator appears. *Nicholls* v. *Osborn*, 2 P. Wms. 419. *Chaworth* v. *Hooper*, 1 Bro. C. C. 82. *Shepherd* v. *Ingram*, Ambl. 448. *Whitter* v. *Bremridge*, L. R. 2 Eq. 737. *Phipps* v. *Ackers*, 9 Cl. & Fin. 583. *Teele* v. *Hathaway*, 129 Mass. 164. *Hooper* v. *Bradbury*, 133 Mass. 303. 2 Wms. Exs. (6 Am. ed.) 1539. The income of the trust fund for the children is either to be paid to them (during their minority), or is to be accumulated; for we cannot hold that it is undisposed of by the will and codicils. If the income is to be accumulated, we think that it is to be added to the trust fund, and becomes a part of it, and is subject to the contingency; for there is no language indicating that the income is to be accumulated solely for the benefit of the infant children. In endeavoring to ascertain what the intention of the testator was in regard to the disposition of the income during the minority of the children, we will examine first the words of the gift, and then the remainder of the will and codicils.

If any child die before coming of age, leaving issue living, it is his "share of the principal of this trust fund" that by the terms of the gift is to be paid to his issue ; and if he leaves no issue at his death, it is his share of the principal of this trust fund that, by the terms of the gift, is to be paid to his surviving brother and sister. If all the children die under twenty-one years of age, without leaving issue living, it is " the principal of this trust fund then remaining in the hands of the trustees " which, by the terms of the gift, is to be paid to the testator's heirs at law. There is no direction that the income be accumulated, or added to the principal of the trust fund. The words " his or her share of said trust fund " " which shall continue to be held and managed as aforesaid by my trustees, and paid over to him or her only as he or she shall respectively come of age," are less definite than the words " the principal of this trust fund." It

is clear that the testator intended that the trust fund should be so invested as to earn income. The children, if of age on the death of their father, would have taken their shares absolutely. The only apparent reason for the trust after the death of the father is the minority of the children; and the interest of the legatees in remainder, if any child dies under twenty-one years of age, is carefully limited to the share of the principal of the trust fund.

We proceed to examine the remainder of the will and codicils. By the fifth, sixth, and seventh articles of the will the testator gave one fifth part of the residue of his estate absolutely to each of his three sons, Ebenezer, John Harvey, and George Wellman. By the eighth and ninth articles he gave one fifth of the residue in trust for the benefit of each of his two daughters and their children. In the trust for his daughter Mary G., in the eighth article, there are specific provisions for the application of the income, in the discretion of the trustees, to the use and benefit of her children, until the youngest reaches the age of twenty-one years, and if the father be living at that time, then until the death of the father, with the right in the trustees to advance and pay to the children, after the death of their mother, and before the death of their father, such portions of the trust property as they shall deem proper. The distinction between the principal of the trust fund and the income is carefully taken, and provision is made for the distribution of the accumulations of income.

In the trust for his daughter, Esther Fidelia, in the ninth article, after a provision for the payment to, or application of the income to the use of, his daughter for her life, with a power of appointment in her, in default of such appointment this one fifth part of his estate is to be distributed absolutely and equally among the children of his daughter living at her death, and the descendants of any deceased child taking by representation.

By the twelfth article, provision is made that, in the event of any of the testator's children dying before his decease, the share intended for such child shall go to trustees; the principal and income are distinguished; the trustees are to apply such portion of the income as they shall deem needful for the support and

maintenance of the issue of such deceased child, until they severally arrive at the age of twenty-one years; the surplus of the income remaining after such application is to be added to the principal fund, and the trust fund with its accumulations is to be paid over to the issue of such deceased child, as they severally arrive at the age of twenty-one years. It thus appears that by the will, in all cases in which the testator's children did not take their share absolutely, or did not have and execute an absolute power of appointment, the grandchildren on the death of the testator's children were either entitled absolutely to their parent's share, or provision was made for their maintenance and support out of the income.

By the third article of the second codicil the testator revoked the absolute devise and bequest to his son George, contained in the seventh article of his will, and in lieu thereof gave this one fifth of the residue in trust, to pay the income to George for his life, and at his decease, if George Buckham, his father-in-law, be then dead, the principal of the trust fund is to be divided into as many shares as George leaves children, the issue of any deceased child representing their parents; the share of the daughters is to continue to be held and managed by the trustees during their lives; such portion of the income is to be expended by the trustees for their use, as the trustees may think judicious; the unexpended income is to be added to the principal of such share and allowed to accumulate, and at the death of each daughter " her share of the principal of this trust fund " is to be paid to her issue, if any; otherwise, to her brothers or sisters and their issue, if any, otherwise to those persons who may then be the testator's heirs at law. There is a further provision for the sons of George, and for the issue of any deceased child, in which, so long as their shares remain in trust, so much of the income as the trustees may think judicious is to be expended for their benefit, and the rest of the fund is to be allowed to accumulate. There are other articles in regard to other legacies, in which there are specific provisions for the accumulation of income. Until the fifth codicil was executed, in every case where there is a gift of a part of the residue to his grandchildren, unless they took absolutely, provision is made for applying some part of the income to their use.

By the second clause of the fifth codicil the testator revoked the absolute devise and bequests to John contained in the sixth article of his will, and gave this one fifth in trust. If John died before the testator, his children would take under the twelfth article of the will, by which the income would be applied to their support and maintenance until they severally arrived at the age of twenty-one years, when their share of the trust fund, with the unexpended accumulations of income, would be paid over to them. The testator had before him, in executing this codicil, his revocation of the devise and bequest to his son George; but. apparently John had no father-in-law whom the testator disliked, or whose influence he feared. For some reason, he determined to put John's share of the residue in trust, but he made no such elaborate disposition as he had made for George and his children, and no express provision for the payment of income or for the accumulation of income after John's death. John remained one of his trustees and executors until his death. There is no other article of the will and codicils in which any income is given to the children of John during their minority, if John should survive the testator and then die.

It is argued that in a will in which the idiosyncrasies of the testator and his determination to control even minutely the disposition of his property so plainly appear, if the testator intended that any part of the income should be paid to the children of John after the death of their father, and during their minority, he would have said so in express terms. But it is with equal force argued that, if the testator intended that there should be no provision in his will for the support of the children during their minority if their father died after him, and that there should be an accumulation of the income of their shares during their minority, the testator would have expressed this intention plainly. We cannot say that we find in the will and codicils any intention on the part of the testator to deprive the children of John of the income on their shares accruing during their minority, or any direction to accumulate the income, and add it to the principal of the fund; and by the second article of the fifth codicil we do find an intention that, if any child died during minority, only his share of the principal of the trust fund should be paid to his issue,

or surviving brothers and sister, or the heirs at law of the testator.

The testator could have given this property, in trust for these children, in such manner that the right of property should not vest in them unless and until they reached the age of twenty-one years, and could have made any disposition of the income of the trust fund during their minority he saw fit. Every case turns upon the intention of the testator as expressed in his will. The facts, however, that the right of property is vested in these petitioners during their minority, and that the trust was created only that during their minority the property might be held and managed by trustees, are significant in determining the disposition which the testator intended to be made of the income. The beneficial owner of trust property is the owner of the income of it, unless some other intention is expressed. Whether he shall possess and enjoy the income immediately as it accrues, or the right of enjoyment shall be postponed, is also a question of intention; and if the payment of the income is postponed, the right to receive it may be devested on the happening of any contingency, if such is the intention of the testator; but if the right is once given, it ought not to be taken away or postponed by uncertain and ambiguous language. This is a trust which is created only because the beneficiaries are infants, and is limited to their minority. If the father died before the testator, careful provision is made for their support during minority; but if, as the event happened, the father died after the testator, no provision is made for their support, unless it is found in the second article of the fifth codicil. The language of this article is not only consistent with the view that only the principal of the trust fund should be held to await the contingency, and paid over to the legatees in remainder, if the contingency happen, but we think it indicates that such was the intention of the testator.

The second case is an appeal from the decree of the Probate Court allowing the fourth account of the trustees. No objection is taken to so much of the decree as directs that the account be allowed. Objection is taken to the last clause of the decree, directing that the trust fund be held to accumulate during the minority of the appellants. This direction we have held to be

erroneous. Such a direction is indeed not properly a part of a decree allowing an account, and should be stricken out.

In the first case, the decree of the Probate Court is reversed, and there must be a decree that the income accruing after the death of John be paid to the guardian of his children, the petitioners, while they are infants, and living; and, in the second case, that part of the decree ordering an accumulation of the income during the minority of the children is reversed, and the cause remitted to the Probate Court, with direction to strike out that part of the decree.                      *So ordered.*

*E. D. Sohier & J. L. Thorndike,* for the appellants.

*R. Olney,* for the appellees.