GILBERT E. HOOD & another *vs.* GERTRUDE M. BOARDMAN & others.

Essex.     November 9, 1888. — January 4, 1889.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Devise in Trust — Income — Survivorship.*

A testator devised an estate in trust, the income of which was to be paid as follows: if his widow and two children and a grandchild forming his household should live till the youngest of the three last named should reach thirty years of age, one third was to go to her and two thirds to them equally; if she should die before such youngest reached that age, the whole was to go to such three, or the survivor or survivors of them; and in two other contingencies, either two thirds or the whole, according as the widow lived or died, was to go equally, either absolutely or in trust, to a larger class including the three, and the survivor or survivors of them. The will, after a residuary clause, not disposing

of the entire residue after the trusts created by the will should expire, provided that if the larger class, " or either of them, die without leaving issue of their bodies," the devises to such as might die without such issue should descend to the testator's heirs at law. One of the three died, without issue, before the youngest of them reached the age of thirty, and during the lifetime of the widow. *Held*, that the three took jointly as a class, and that the two surviving were entitled, while the widow lived and until the younger became thirty years of age, to the two thirds of income equally.

PETITION to the Probate Court, by the administrators with the will annexed and the trustees under the will of William H. Boardman, for instructions as to the disposition of a part of the income of a trust fund.

The petition alleged that the testator died on September 15, 1876, leaving a will, which was duly admitted to probate, and which, after a bequest of personal property and a devise for life of his homestead in Lawrence to his widow, with power to sell it, proceeded as follows:

" The remainder of the above bequeathed portion of my real estate, or of the proceeds arising from the sale thereof, after the termination of said life estate therein, shall be equally divided between my grandson Barton Burkley Hill, my daughter Annie Sherry Boardman, and my son George Jordan Boardman. Should either of the three last named not be living at the time of my decease, or at the termination of said life estate, nor have left issue that is then living, then the portion of said deceased party shall be equally distributed among the survivor or survivors of them, my son Henry William Boardman, and my executors, trustees jointly as representing one person, for the purposes hereinafter mentioned.

" 2d. All of my real estate which is situated at the corner of Essex and Appleton Streets, in said Lawrence, with the two brick blocks and other buildings thereon, I give, devise, and bequeath to my executors hereinafter named, and to their successors in said office, in trust to be by them disposed of as follows: after paying all taxes and insurance as they accrue and the necessary repairs and expenses on the same, the income thereof shall be paid each year in quarterly payments, one third thereof to my beloved wife Sarah Lucy Boardman during her natural life, the other two thirds to be equally divided between the said Barton Burkley Hill, Annie Sherry Boardman, and George Jor-

dan Boardman, until the youngest survivor of them is thirty years of age; but if my said wife shall die before the youngest survivor of the said Barton, Annie, and George is thirty years of age, until the youngest survivor of them is thirty years of age, to pay all of said income to the said Barton, Annie, and George, or the survivors or survivor of them, until such youngest survivor is thirty years of age, at which time, if deemed expedient by all my said executors, said income may be divided, or said real estate sold and the proceeds equally divided, between the said Barton Burkley Hill, Annie Sherry Boardman, George Jordan Boardman, Henry W. Boardman, and the issue of them deceased by right of representation, and my said executors, taken as one individual holding one share, my said executors holding the same for the purposes hereinafter declared. But said real estate is not to be sold during the life of my said wife, and for such period as my said wife shall live after the youngest survivor of said Barton, Annie, and George is thirty years of age, said two thirds shall be divided equally between the said Barton, Annie, George, Henry William Boardman, and the issue of any of them deceased by right of representation, and my said executors taken as one person, the disposition of the share to said executors being hereinafter provided for. . . .

" 5th. . . . The portions bequeathed to my said executors in clauses one and two of this will I hereby bequeath to them and to their successors in said office, in trust to use the income thereof for the support of my said son, Edward Palmer Boardman and his family, or to pay said income to said Edward if they see fit so to do ; and on the decease of the said Edward P., to use the same for the support of his wife so long as she remains his widow, and the support of his children. And on the decease of said Edward and on the death of said Elizabeth G., or her remarriage, I give and devise the same to the issue of the said Edward P. Boardman, and their heirs. . . .

" 7th. Out of the residue of my estate not hereinbefore disposed of, be the same real, personal, or mixed, I direct my said executors to give to my beloved wife, Sarah Lucy Boardman, one thousand dollars for her present needs as soon as possible after my decease, and the balance of said residue and all that may fall into said residue I give and bequeath to my said executors

and to their successors in said office, but in trust to dispose of the income thereof, and the principal if necessary, in the maintenance and education of the said Barton Burkley Hill, Annie Sherry Boardman, and George Jordan Boardman, and for any other actual needs of the said Barton, Annie, and George which in the opinion of my said executors they may have. Also to give such portions of said income to my said wife, and to my said sons Henry William Boardman and Edward Palmer Boardman, as in the judgment of my said executors they may at any time need. Also to give to my brother Samuel Moody Boardman assistance from said income, as they see he may need, to an amount not to exceed the sum of one thousand dollars. And if the said income be at any time insufficient to meet all the demands provided for in this seventh clause, then I hereby authorize my said executors to sell and dispose of any portion of said residue they may consider necessary to carry out the requirements of this clause.

"8th. Should the said Barton Burkley Hill, Annie Sherry Boardman, George Jordan Boardman, Henry William Boardman, or Edward P. Boardman, or either of them, die without leaving issue of their bodies, the several devises herein devised to such as may die without issue of their bodies as aforesaid shall descend to my heirs at law."

The petition also alleged, that George J. Boardman, named in the will, died, unmarried, intestate and without issue, on April 5, 1887; that Barton B. Hill and Annie S. Boardman, now the wife of Edward F. Dunham, were both under the age of thirty years, and that Sarah L. Boardman, the testator's widow, was still living; that Barton B. and Annie S. contended that the portion of the income of the trust fund, created by the second clause of the will, which was payable to George J. during his life, should be paid to them; and that the petitioners were in doubt whether such income should be paid to them, or to the heirs at law of George J. or of the testator.

The Probate Court, held by George White, Esquire, acting judge, made a decree that such portion of the income of the fund should be paid to the surviving beneficiaries, Barton B. and Annie S. From this decree certain of the heirs at law of the testator appealed to this court.

Hearing before *Field*, J., who reported the case for the consideration of the full court in substance as follows. The facts set forth in the petition were admitted. Sarah L. Boardman, the testator's widow, was his second wife, and Annie S. and George J., the latter of whom died before he reached the age of thirty years, were the only children of the testator by such second wife. Barton B. Hill was a grandson of the testator by a deceased daughter of his first wife, and had lived in the testator's family from infancy to the time of the testator's death. Annie S. and George J. were the only children of the testator who lived with him at the date of the execution of the will. The only other children of the testator living at the date of the will were Edward P. Boardman and Henry W. Boardman; and the appellants, who were the children of Edward P., now deceased, were all living at the same date.

*F. V. Balch*, for Annie S. B. Dunham and Barton B. Hill.

*E. T. Burley*, for the children of Edward P. Boardman.

DEVENS, J. The question to be considered under the bill for instructions brought by the administrators with the will annexed and the trustees under the will of William H. Boardman relates to the disposition of two ninths of the income from a certain estate on Essex Street in the city of Lawrence. The second clause in the testator's will disposes of this income by giving one third thereof to the widow for life. The remaining two thirds of the income, and in certain events the whole income and the estate itself, are to be disposed of as provided for in four distinct contingencies : 1. While the widow and three other persons forming the household of the testator — Barton B. Hill, his grandson, Annie S. Boardman, his daughter, and George J. Boardman, his son — live, and if they shall do so until the youngest of the three last named is thirty years old, the two thirds of income is to be equally divided during that period between these three persons. 2. If the widow shall die, the youngest of such three persons not being thirty, the whole income is to be divided thereafter among such three, or the survivor or survivors of them, until the youngest arrives at that age. 3. If the youngest of such three persons shall survive to the age of thirty years, the widow being still alive, two thirds of the income is thereafter during the life of the widow to be divided into five equal portions among each of the

three named, and the testator's son Henry, and the executors of the testator's estate, such executors being treated as one person. 4. If the youngest survivor of the three shall have arrived at the age of thirty years and the widow shall have deceased, the whole income is to be divided among such three and the testator's son Henry W. Boardman, or the issue of any of them deceased by right of representation, and the testator's executors taken as one individual, or the estate may then be sold and the proceeds then divided as is provided in such case for the division of the income.

Neither of these precise contingencies has occurred. What has happened is the death of George J. Boardman, the youngest survivor of the three being still under thirty years of age and the widow being still alive. The first contingency above stated is thus created, with the additional circumstance that one of the three, George J., is now dead, the widow being yet alive. It is not provided in distinct terms what shall be done upon such a state of facts with the third of two thirds, or two ninths, of the income which, if George J. were still alive, would now be payable to him. In the second contingency, that of the death of the widow before the period fixed, by the arrival of the youngest of the three at the age of thirty, for the division of the income among the larger class in which the three are included, it is clearly stated that the whole of the income should be paid to the survivor or survivors of the three until that period. While the will is not thus explicit as to the payment of the entire two thirds income to the survivors in the case which has occurred, — viz. the death of one of the three before the widow, the youngest survivor not having reached the age of thirty, — if it can fairly be seen that the testator intended to postpone the division of the income among the larger class until the period thus fixed, and that he intended fully to dispose of the income, such construction may be given to the will.

It is a familiar principle that the intent of the testator is to be gathered from the whole will, that various parts thereof may be used to explain each other, and that words may be supplied from other parts of the will having relation to the same subject in order to carry out such intent where that is fairly disclosed. *Metcalf* v. *Framingham Parish*, 128 Mass. 370. *Bradlee* v.

*Andrews*, 137 Mass. 50. *Goddard* v. *Whitney*, 140 Mass. 92. A partial intestacy as to property which a testator has sought to dispose of is not to be presumed or favored.

In the case at bar, the disposition of the whole income in case the widow dies before the youngest of the three reaches the age of thirty, and the division made of the income to a larger class if that event occurs while the widow is yet living, indicate strongly that the testator has deemed himself to have disposed of the whole income. This larger class is not mentioned as entitled to anything until the youngest survivor of the three reaches the age of thirty, and it would be impossible to hold that this class could be entitled to the two ninths income here in question.

The three persons referred to, although mentioned in the will by name, are treated by the testator as a class. *Wright* v. *White*, 136 Mass. 470. *Dove* v. *Johnson*, 141 Mass. 287. They lived in his house and were members of his family. He treats them as objects of his peculiar care until the youngest arrives at the age of thirty years, when he. makes provision for a division of the income among a larger class. Until that time, whatever income the three while living are entitled to, it is fairly to be inferred, is to be divided between the survivor or survivors. That this is so is strongly fortified by the disposition of the income made in what we have termed the second contingency, viz. the death of the widow, the youngest of the three not having reached the age of thirty, when by express language the whole income is to be divided between the survivor or survivors of the three. No reason occurs to us which could have been operative on the mind of the testator, why the survivors should now be deprived of the two ninths income when one of the three to whom it would have come has died, the widow living, while they would be entitled to receive the whole in case of her death, should that now occur. If this were so, the curious result would be reached, not only that the survivors would then receive her share of the income, but that George's share, of which by such construction they would have been previously deprived, would cease to be intestate estate, and would be restored to them by the occurrence of an event which apparently could have no connection with or relation to George's share.

We are therefore of opinion, that the two ninths income which George J. if living would have received should now be divided between the two survivors of the three. Nor do we think that this result is affected by the seventh or eighth clause of the will to which the appellants have called our attention. The seventh clause of the will undertakes to deal, partially at least, with the residue of the estate. Under it all those who constitute the larger class who are finally to receive the income and the proceeds of the Essex Street estate, or on whose behalf it is to be received, are entitled to beneficial interests in the income of the residue and in the principal thereof, should the executors exercise their power to sell the same, or any portion thereof, in order to carry out the various provisions made for the support and comfort of the beneficiaries named, some of whom are not included within the class to which we have referred. By other parts of the will, it appears that the share in the income, and finally in the proceeds of the Essex Street estate, which the executors as one person are to receive, is for the benefit of Edward P. Boardman.

The eighth clause of the will is as follows : " Should the said Barton Burkley Hill, Annie Sherry Boardman, George Jordan Boardman, Henry William Boardman, or Edward P. Boardman, or either of them, die without leaving issue of their bodies, the several devises herein devised to such as may die without issue of their bodies. as aforesaid shall descend to my heirs at law." The object of this clause is not very clear. The language is such as would be appropriate to change legal interests in real estate, if such had been devised, which otherwise would have been in fee simple, into estates in fee tail. *Hall* v. *Priest*, 6 Gray, 18. No such interests in the Essex Street estate appear to have been devised to those named in the eighth clause, although, if that estate is ultimately sold, they or the executors on behalf of Edward P. Boardman are to receive the proceeds, as they will have received the income after the death of the widow and the arrival of the youngest of the three at the age of thirty. It is the contention of the appellants, that, however technically inaccurate for the purpose the eighth clause may be, it clearly shows that in all cases where any bequest or devise fails or ceases, as it would by reason of the death of the legatee

or devisee without issue, those entitled so to take from the testator by the laws of descent or distribution are then to take such devise or bequest; that for this reason, while the seventh clause undertakes to deal with the residue of the estate, nothing is said as to what is to be done with that residue when the trusts in relation thereto expire, as they must with the death of the last of the beneficiaries named. Without undertaking to discuss the meaning of the eighth clause in its connection with other parts of the will, which might involve interests that are not now before us, it can have no application to the second clause, the effect of which we are considering. Were the widow now deceased, the express words of that clause would require that the income of the Essex Street estate should go to the survivors of the three persons named. And as under that clause the gift of the two thirds income there made (during the lifetime of the widow and before the arrival of the youngest at the age of thirty) is in our construction to the three jointly and as a class, the survivors take that share which George J. would have taken if living. Nor is this to be controlled by any subsequent language, certainly not unless that shall be found to be clear and explicit.        *Decree affirmed.*