The First National Bank of Boston & another, trustees, *vs.* Edmund A. Rothwell.

Norfolk.    October 6, 1939. — January 31, 1940.

Present: Field, C.J., Lummus, Qua, & Dolan, JJ.

*Trust*, Construction, Trustee's accounts.    *Probate Court*, Accounting.

Provisions of a third paragraph of a will which in substance provided that gifts to the testator's son "shall be contingent upon his making payment of his note of approximately $84,000 . . . and in the event that for any reason said note shall not be enforceable against him . . . shall be contingent upon the payment of the sum of $84,000, plus interest from the date of the note," and of a later paragraph establishing a trust and directing that any income payable thereunder to the son should "first be applied toward any interest due on the obligation above referred to in paragraph Third," showed that it was the testator's intention that, upon the "note" proving to be unenforceable, such income should nevertheless be applied on "interest due" on the sum of $84,000, referred to by the testator as an "obligation."

A trustee under a will who also was the trustee under an agreement to whom the will, as construed by this court, directed that income due a beneficiary of the trust under the will should be paid to be applied upon interest due on a certain obligation of the beneficiary held by the trustee under the agreement, was bound by his knowledge of all the pertinent facts, and, although he stated in his account as trustee under the will that he had "transferred" the income to himself as trustee under the agreement "to reduce the principal of" the obligation, the payments must be treated as having been made and received toward interest as directed; and the payments were not disallowed, but the account was ordered amended to set forth the proper application of the payments.

Petition, filed in the Probate Court for the county of Norfolk on September 4, 1936, for the allowance of the first account of the trustees under the will of James E. Rothwell, late of Brookline.

A decree allowing the account was entered after a hearing by *McCoole*, J.    Edmund A. Rothwell appealed.

*Elliott V. Grabill*, for the respondent, submitted a brief.

*F. X. Daly*, (*F. H. Stewart* with him,) for the petitioners.

Qua, J.    This case turns upon the construction of the will

of James E. Rothwell, late of Brookline, deceased. The respondent, who is the son of the testator, has appealed from the allowance of the petitioners' first account as trustees under that will. There is only one disputed item, appearing as a payment in schedule "E" of the account. This item, however, comprises several sums representing the respondent's one-third share of net income under paragraph "Seventh" of the will. To this item is annexed, by way of explanation, a footnote stating that the total amount has been "transferred" to The First National Bank of Boston, trustee under a trust agreement hereinafter described, "to reduce the principal of the demand note of said Edmund A. Rothwell [the respondent] held in said account."

The will was executed July 9, 1928. On June 29 of that year, ten days before the date of his will, the testator executed with The First National Bank of Boston an agreement creating a trust, of which the bank is now sole trustee. The testator, who is referred to in the trust agreement as the "Donor," deposited with the bank certain life insurance policies and a "Note of Edmund A. Rothwell," the respondent, for approximately $84,000. By the terms of the trust agreement the assets held under it were to be used for the payment of any debt of the donor and of taxes payable from his estate, to make loans to the donor's executor, to purchase any mortgage upon real estate of the donor or of his wife, to purchase and hold as an investment any property belonging to the estate of the donor, and upon and after the donor's death to pay certain annuities. It was further therein provided that such part of the trust fund as might remain after compliance with the foregoing provisions should be invested, and that "the income actually received by the Trustees from the said note of his said son, or from securities bought with the proceeds received upon the collection of said note" should be paid over to the donor's said son (the respondent), after assuming its proportionate part of the expense of administering the trust. Any balance of net income was to be paid to the donor's wife, since deceased, during her life. Upon the de-

cease of all the beneficiaries the remainder of the fund was to be paid to the Mount Pleasant Home for Aged Men and Women. The trust agreement contained a statement that it was the desire of the donor that the trustees should take such action with regard to the collection of the son's note as might be directed by the donor during his life or by his wife after his decease, and that after the deaths of both the trustee should "proceed to make collection" of the note but should not be held liable for "failure to collect" it or for "any failure to enforce its collection." The note was in the ordinary form of a promissory note, dated January 1, 1927, signed by the respondent, and payable on demand to the testator.

The will of the testator, after dealing in its first and second paragraphs with matters not here material, contained in paragraph "Third" a proviso "that any and all of the gifts hereunder to my son Edmund A. Rothwell or to his issue shall be contingent upon his making payment of his note of approximately . . . $84,000, which I have assigned to The First National Bank of Boston under a trust agreement made with me, dated June 29, 1928; and in the event that for any reason said note shall not be enforceable against him, I direct that any gift hereunder to my son or to his issue shall be contingent upon the payment of the sum of . . . $84,000, plus interest from the date of the note herein referred to, to the Trustee for the time being under said trust agreement, dated June 29, 1928." The same paragraph contained a further proviso charging against the respondent's "interest hereunder" the total of all advances made by the testator to the respondent's former wife to be paid by the trustees under the will "from the shares given to my said son or to his issue" to the trustee under the trust agreement. In this same paragraph "Third" the testator cancelled, annulled and forgave any advances, or loans to his children, "Except as above provided." The fourth paragraph deals with household goods and the fifth with inheritance taxes. Then follows in the sixth to twelfth paragraphs inclusive the testamentary trust of the residue of the testator's estate. *It is as trustees under*

this trust that the petitioners have filed their account. Paragraph "Sixth" provides for monthly payments to the testator's widow and granddaughters during their lives. Paragraph "Seventh" reads as follows: "The balance of the said net income including, after her decease, the income which would have been paid to my said wife if living, shall be distributed: One-third (⅓) to my said son, except as otherwise herein provided; one-third (⅓) to my daughter; and one-third (⅓) to The Mount Pleasant Home for Aged Men and Women, now located on South Huntington Avenue, Boston (Jamaica Plain District). Any income payable to my said son or to his issue shall first be applied toward any interest due on the obligation above referred to in paragraph Third hereof." Under paragraph "Eighth" the issue of the son and daughter are to take by representation, upon the decease of either of them, the income which would have been payable to "the said decedent if living." Paragraph "Ninth" provides for the continuance of payments by the trustees in their discretion to the respondent's former wife, and that such payments "shall be applied against any income due my son as above provided." Upon the termination of the trust, twenty-one years after the decease of the last survivor of the wife, son, daughter and granddaughters, the trust fund is to be distributed, one third to the issue of the son *per stirpes*, one third to the issue of the daughter *per stirpes*, and one third to the Mount Pleasant Home for Aged Men and Women. There are provisions protecting the several beneficiaries against claims of their creditors. Other provisions of the will, in the view we take of the case, are not now material.

At the hearing the respondent offered in evidence the record of a suit in the Superior Court brought by the trustees under the trust agreement against the respondent to enforce collection of the note for approximately $84,000. The respondent offered to show that in that suit findings were made that the respondent's signature upon the note was procured "for the purpose of protecting his property from claims incidental to his divorce proceedings and upon the representation that it was not intended to evidence

an enforceable obligation as between his father and himself" and that "the plaintiffs have failed to prove that at the time of the making of the note there was a legal indebtedness from the defendant to his father," and he further offered to show that the bill was dismissed. The judge excluded the offered evidence. The petitioners admitted, however, that in an equity suit by the trustees under the trust agreement against the present respondent the note was held not enforceable, and that the bill was dismissed. The respondent has repudiated the note at all times and has made no payment upon it or upon the sum of approximately $84,000.

It will not be necessary to determine whether the ruling of the judge excluding the record of the suit in the Superior Court was technically correct. We do not intimate that it was not. The petitioners' admission that the note was held not enforceable and the bill dismissed would seem to have given the respondent the equivalent of the excluded record. At any rate this decision would be the same if we assume all that the respondent offered to prove in connection with the record. See *Old Colony Trust Co.* v. *Third Universalist Society of Cambridge*, 285 Mass. 146, 149, 150. We deal with the case on the assumption that the note was never legally enforceable, and that when it was made there was no legal indebtedness from the respondent to the testator.

We have thought it necessary to state at some length the tenor of the trust agreement and of the will in order that the contentions of the parties and the issue might be fully understood. The question is whether the trustees under the will should be allowed in schedule E of their account a credit of $4,058.19 paid by them out of income from the testamentary trust to the trustee under the agreement. This sum represented the respondent's one third of the income under paragraph "Seventh" of the will, hereinbefore quoted. The authority to pay it to the trustee under the agreement must be found, if found at all, in the last sentence of paragraph "Seventh" of the will — "Any income payable to my son or to his issue shall first be

applied toward any interest due on the obligation above referred to in paragraph Third hereof." The "obligation" referred to in paragraph "Third" included the respondent's note for approximately $84,000, if that was a legally binding obligation. But it has been held that the note was not a legally binding obligation. Does it therefore result that the trustees under the will are not to apply the respondent's share of the income in accordance with paragraph "Seventh" or does the word "obligation," as used in that paragraph, include the unenforceable "contingent" provision of paragraph "Third" that the respondent pay the sum of approximately $84,000, even if the note should not be legally enforceable? We think that the latter alternative is the correct one. Reference to the part of paragraph "Third" hereinbefore quoted plainly reveals that the testator knew that the note might not be an enforceable obligation. It also plainly shows that the testator did not intend that the respondent should receive any gift under the will unless he either paid the note or, if the note should not be enforceable, paid to the trustee under the trust agreement a sum equal to the approximate amount of the note, plus interest from the date of the note. The testator intended that in order to become eligible to a gift under his will his son, the respondent, should pay approximately $84,000 to the trustee under the trust agreement, either by paying the note or by paying a sum approximately equal to the note. The reference in paragraph "Seventh" to "the obligation above referred to in paragraph Third" was a reference to the entire requirement of paragraph "Third" that the son pay in some manner, either on the note or aside from the note, the sum of approximately $84,000 and interest to the trustee under the trust agreement, as a condition of the respondent receiving any gift under the will. There may have been reasons why the testator considered his son under an obligation to make this payment, whether or not he could legally be compelled to do so. At any rate, the testator excluded his son from sharing in his estate as a legatee under his will unless he performed a condition precedent, and it seems reasonably clear that in

paragraph "Seventh" he referred to that condition as "the obligation." Words in a will are to be construed in the sense in which, from an examination of the whole will in the light of the circumstances, it appears that the testator intended to use those words, whether or not that is the sense in which the words would otherwise commonly be interpreted. *Boston Safe Deposit & Trust Co.* v. *Coffin,* 152 Mass. 95, 98. *Anderson* v. *Bean,* 272 Mass. 432, 438, 439. *Gilman* v. *Congregational Home Missionary Society,* 276 Mass. 580, 583. *McInnes* v. *Spillane,* 282 Mass. 514. *Harrison* v. *Marden,* 298 Mass. 148, 150. *Old Colony Trust Co.* v. *Hale,* 302 Mass. 68. A case somewhat similar to the present case in this respect is *Pierce* v. *Loomis,* 224 Mass. 226.

It follows from what has been said that the petitioners as trustees under the will and in accordance with paragraph "Seventh" could rightly pay the sums mentioned in the disputed item to the trustee under the trust agreement toward "interest due on the obligation" referred to in paragraph "Third." The amount of "interest due" must have greatly exceeded the sum of the payments. The petitioners have therefore paid correct amounts to the person entitled to receive them, and there is no contention that these payments were not made at proper times. But the footnote attached to the disputed item of the account of the testamentary trustees describes these payments as having been "transferred" to the trustee under the agreement "to reduce the Principal of the demand note of said Edmund A. Rothwell held in said account" (*i.e.* in the trust under the agreement). There is no provision in the will for payment of the respondent's share of income under paragraph "Seventh" of the testamentary trust to reduce the principal of this note. The provision is for application of the money toward "interest due on the obligation." It was only for that purpose that the petitioners had any right to make these payments. The First National Bank of Boston as trustee under the agreement knew when it received these payments, or must be held to have known, that it and its cotrustee under the will had power to make

the payments only toward interest due on the obligation and not to reduce the principal of the note. The bank, acting on both sides of this transaction, knew all the pertinent facts which forbade the making of the payments to reduce the principal of the note and required them to be made toward interest due on the obligation. As trustee under the agreement it was bound by that knowledge. It acquired no right as such trustee to apply the payments to the principal of the note. We are therefore of the opinion that these payments must now be treated as having been made and received for the only purpose for which they could rightly have been made and received, that is toward "interest due on the obligation," and that the petitioners as trustees under the will are entitled to credit in their account for these sums as so paid. Nothing would be accomplished by disallowing altogether the disputed item. See *Beardsley* v. *Hall*, 291 Mass. 411, 413. It would still be the duty of the trustees under the will to pay these same sums to the trustee under the agreement for proper application by the latter. No harm has come to the trust under the will by the paying out of correct sums to the right person at proper times. We think, however, that the account should not be allowed with the misleading footnote still a part of it. The footnote should be so amended as to show that which in contemplation of law is the true nature of the payment. The portion of the footnote hereinbefore quoted, being the statement of the object of the payment, should be struck from the account and the following words substituted therefor, to wit: toward interest due on the obligation referred to in paragraph Third of the will. The decree is to be modified to that extent.

The respondent has argued that under the terms of the trust agreement the sums paid to the trustee of the agreement by the trustees of the will under paragraph "Seventh" of the will toward "interest due on the obligation" referred to in paragraph "Third" of the will were "income actually received . . . from the said note," and should therefore be paid, less a proportionate part of the expense of administration, to the respondent as a beneficiary under the trust

agreement. As opposed to this, it could be argued that under the agreement the respondent would be entitled to have paid over to him only the income (after the deduction for expenses) received or derived from or through him on account of the note and not that received under the will of the testator. The respondent's contention raises a question as to the construction of the trust agreement. That question need not be decided in order to decide this case and is not properly before us in this accounting by the trustees under the will. This is true even though The First National Bank of Boston is now the sole trustee under the trust agreement as well as one of the trustees under the will. Apparently there are parties who might be interested in the trust under the agreement who are not interested in the trust under the will and who have never been parties to this accounting. In *Dodd* v. *Winship*, 133 Mass. 359, at page 361, it was said: "The account is intended to show the condition of the estate. It is the account of the trustees with the estate, and does not involve their personal account with a remainderman, or the state of their accounts with other trusts . . . ." The disposition of moneys in the hands of the trustee under the trust agreement is beyond the scope of this proceeding. *Granger* v. *Bassett*, 98 Mass. 462, 467. *Wright* v. *White*, 136 Mass. 470, 477. *Old Colony Trust Co.* v. *Comstock*, 290 Mass. 377, 384, 385.

The decree as modified is affirmed. Costs and expenses of this appeal as between solicitor and client are to be in the discretion of the Probate Court.

*Ordered accordingly.*