EDMUND A. ROTHWELL *vs.* THE FIRST NATIONAL BANK OF BOSTON, trustee, & another.

Suffolk.    December 8, 1948. — April 28, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Trust*, Express trust: construction.

A trust agreement providing in its sixth article that "that part of the income [of the trust] actually received by" the trustee "from" a note of the settlor's son payable to the settlor, which had been indorsed to the trustee, "shall be paid over to the . . . son after assuming its proportionate part of the expense of administering this trust," construed with the will of the settlor, made a few days after the trust agreement, in the third paragraph of which he provided that gifts to the son in the will "shall be contingent upon his making payment of his note . . . [or] in the event [which happened] that . . . said note shall not be enforceable against him . . . shall be contingent upon the payment of the . . . [amount of the note] plus interest" to the trustee under the trust agreement, and in the seventh paragraph of which the testator directed that a portion of the income of a testamentary trust should be distributed to the son, except that "income payable to . . . [the son] shall first be applied toward any interest due on the obligation above referred to in" the third paragraph, required that income of the testamentary trust paid by the trustee under the will to the trustee under the trust agreement and

thereby "applied toward . . . interest due on the obligation" in accordance with the seventh paragraph of the will was "income actually received by" the trustee under the trust agreement "from" the note within the meaning of the sixth article of the trust agreement and must be paid over to the son as provided therein.

BILL IN EQUITY, filed in the Superior Court on April 5, 1941, and afterwards amended.

The suit was heard by *Broadhurst, J.,* by whose order a final decree was entered ordering the defendant trustee to pay certain sums to the plaintiff and that the "plaintiff be paid by the defendant . . . [trustee] all sums it may receive hereafter from the trustees under the will of plaintiff's father, James E. Rothwell, pursuant to the provisions of paragraph Seventh of said will 'to be applied toward any interest due on the obligation' all subject to reduction as provided by Article VI of the trust agreement." The defendants appealed.

*F. H. Stewart,* (*J. A. MacDonald, Jr.,* with him,) for The First National Bank of Boston, trustee.

*Elliott V. Grabill,* (*D. L. Ley* with him,) for the plaintiff.

*G. W. Howe,* for Mount Pleasant Home for Aged Men and Women.

QUA, C.J.  This suit is brought against The First National Bank of Boston as surviving trustee under a trust agreement between the bank and James E. Rothwell, father of the plaintiff, and against Mount Pleasant Home for Aged Men and Women as ultimate remainderman under the trust, to secure an accounting for, and payment by the bank to the plaintiff of, sums claimed to be due to him as income under the trust agreement, and (by amendment) for declaratory relief affecting future payments.

According to the trust agreement, executed ·June 29, 1928, James E. Rothwell, therein called "the Donor," deposited with the bank and Clara E. Rothwell, his wife, since deceased, as trustees, three policies of insurance upon his life, aggregating $25,000 in amount, and a so called note in the sum of $83,400.58, signed by the plaintiff under date of January 1, 1927, and payable on demand to ·James

E. Rothwell, with interest. He indorsed the note to the bank as trustee. The terms of the trust as set forth in the agreement, in so far as material to the present controversy, were these: Article III read, "If a note of the Donor's son, Edmund H. Rothwell [the plaintiff], is included hereunder [as it was], it is the desire of the Donor that the Trustees shall take such action with regard to the collection thereof as may be directed by the Donor during his life and by his said wife, Clara E. Rothwell, after his decease and after the decease of both the Donor and his said wife it is the desire of the Donor that the surviving Trustee proceed to make collection of the said note, but the said Trustee shall not be held liable for failure to collect the said note or for any failure to enforce its collection." Articles IV and V authorized the trustees, after the decease of the donor, to use the trust fund to pay debts or taxes due from his estate, to deal with his estate in ways not now material, and to pay certain annuities for the lives of certain beneficiaries. Article VI read, "Such part of the said Trust Fund as may remain after the provisions of the preceding articles have been complied with shall be invested and that part of the income actually received by the Trustees from the said note of his said son, or from securities bought with the proceeds received upon the collection of said note shall be paid over to the Donor's said son after assuming its proportionate part of the expense of administering this trust, and any balance of said net income shall be distributed quarter-annually to the wife of the Donor, Clara E. Rothwell, for and during the term of her life." Article VII provided for the payment of any remainder of the trust fund, after the decease of the beneficiaries previously mentioned, to the defendant Mount Pleasant Home for Aged Men and Women.

On July 9, 1928, ten days after executing the trust agreement, James E. Rothwell made his will, in paragraph "Third" of which he provided "that any and all of the gifts hereunder to my son Edmund A. Rothwell [the plaintiff] or to his issue shall be contingent upon his making

payment of his note of approximately Eighty-Four Thou-
sand Dollars ($84,000.00), which I have assigned to The
First National Bank of Boston under a trust agreement
made with me, dated June 29, 1928; and in the event that
for any reason said note shall not be enforceable against
him, I direct that any gift hereunder to my son or to his
issue shall be contingent upon the payment of the sum of
Eighty-four Thousand Dollars ($84,000.00), plus interest
from the date of the note herein referred to, to the Trustee
for the time being under said trust agreement, dated June
29, 1928." After providing for the distribution of certain
tangible personal property, the testator gave the residue
of his estate to the bank and another in trust. He pro-
vided for certain accumulations and payments of income of
this trust to his wife and others and then, in paragraph
"Seventh" of the will, continued as follows, "The balance
of the said net income including, after her decease, the in-
come which would have been paid to my said wife if living,
shall be distributed: One-third ($\frac{1}{3}$) to my said son [the
plaintiff], except as otherwise herein provided; one-third
($\frac{1}{3}$) to my daughter; and one-third ($\frac{1}{3}$) to The Mount
Pleasant Home for Aged Men and Women . . . . Any in-
come payable to my said son or to his issue shall first be
applied toward any interest due on the obligation above
referred to in paragraph Third hereof." Then follows a
provision for the payment of income to the issue by repre-
sentation of the son and daughter upon the decease of either
of them.

James E. Rothwell died in November, 1928. In 1930 in
a suit by the trustees under the agreement against the pres-
ent plaintiff the note was, in effect, held unenforceable be-
cause of a finding by the trial judge that the trustees had
"failed to prove that at the time of the making of the note
there was a legal indebtedness from the defendant [the
present plaintiff] to his father."

Income payable to the plaintiff under paragraph "Sev-
enth" of the will has, in accordance with the last sentence
of that paragraph, been "applied toward any interest due on

the obligation above referred to in paragraph Third" thereof; that is to say, it has been paid to the trustee or trustees who held the note under the trust agreement. In *First National Bank* v. *Rothwell*, 305 Mass. 116, we held that the trustees under the will were justified in making these payments, even if the note was not enforceable, since the word "obligation" as used in paragraph "Seventh" of the will included the unenforceable "contingent" provision or condition of paragraph "Third" that the sum of approximately $84,000 should be paid to the trustees under the agreement. See 305 Mass. at pages 121–123. We also held that the sums paid to the trustee or trustees under the agreement were paid toward "interest due on the obligation" referred to in paragraph "Third" of the will. 305 Mass. at page 123.

The question now to be decided is whether the income so paid by the trustees under the will, of whom the bank was one, to the bank or to the bank and its cotrustee under the trust agreement is, under Article VI of that agreement, "income actually received by the Trustees [under the agreement] from the said note of his said son," and therefore is to "be paid over to the Donor's said son after assuming its proportionate part of the expense of administering this trust," as provided in that article. This precise question was expressly left open in the former decision because it involved construction of the agreement and was beyond the scope of that proceeding. 305 Mass. at page 124.

The defendants argue that the items in question were not paid by the plaintiff himself on account of his note and that "income payable" to him under paragraph "Seventh" of the will and "applied" according to that paragraph by paying it to the trustee under the agreement "toward any interest due on the obligation" referred to in paragraph "Third" of the will was not "income actually received by the Trustees from the said note of his said son" within the meaning of the words last quoted as contained in Article VI of the agreement.

We are unable to accept such a narrow construction of

the words of the agreement. As we pointed out in the former opinion (305 Mass. at page 121), it is clear from the wording of the will that James E. Rothwell, when he made the will, had knowledge of facts that might render unenforceable the note given to him by the plaintiff. Since he was the payee of the note and must have been familiar with the circumstances in which it was given, it is a reasonable inference that he had knowledge of those same facts ten days earlier when he made the trust agreement. Yet he indorsed the note to his trustee under the agreement as part of the trust fund and provided in Article VI of the agreement that that part of the "income [meaning income from the trust fund] actually received by the Trustees from the said note of his said son" should be paid over to the son. He then made the will containing the provision that any income payable under the will to the son should be applied toward interest due on the "obligation." The "obligation" was the note or, if the note was unenforceable, the obligation, which the testator apparently regarded as a moral one, to pay in any event a sum substantially equivalent to the amount of the note, as provided in the will. There is no requirement in the agreement that the income received from the note should be paid by the son himself. It is possible to speak of income from an unenforceable obligation, if income is actually received on account of such obligation. The payments in question were clearly in the nature of income and not of capital. They were to be paid as "interest." They were not income from the insurance policies. There was no capital asset in the trust under the agreement of which they could be income except the note. We cannot avoid the conclusion that when the trustees under the will actually made these payments under paragraph "Seventh" of the will to the trustee or trustees who held the note under the agreement the payments were "income actually received by the Trustees [under the agreement] from the said note of his said son" within the meaning of Article VI of the agreement.

It is true that this construction will result in the plaintiff

receiving income under the trust agreement receipt of which directly under the will was denied to him. But it is plain that James E. Rothwell intended that, notwithstanding the condition in his will, his son should receive back from the trustees under the agreement whatever he should himself actually pay on the note. Whatever induced James E. Rothwell to make this provision may well have applied equally to payments actually made in behalf of the son out of his share of the income under the will and we think that the language of the agreement should be interpreted broadly enough to include these payments. Indeed, if the note proved unenforceable, there would be no object in the plaintiff making any payments out of his own pocket only to receive back income reduced by a proportional share of the expense of administering the trust, but the words of the agreement are fully effective when held to refer to the payments of interest by the trustee or trustees under the will.

The result of this decision is that, inasmuch as we held in *First National Bank* v. *Rothwell*, 305 Mass. 116, that when these payments of income were made by the trustees under paragraph "Seventh" of the will to the trustee or trustees under the trust agreement, they were made toward interest due on the "obligation" (which comprehended the note), so we now hold that when these same payments were received by the trustee or trustees under the agreement they were "income actually received by the Trustees from the said note of his said son" within the meaning of Article VI of the agreement.

The decree is affirmed. Costs and expenses as between solicitor and client on this appeal may be allowed to the plaintiff and to Mount Pleasant Home for Aged Men and Women in the decree after rescript in the discretion of the Superior Court.

*So ordered.*