MARY E. GLEASON, administratrix, *vs.* DANIEL SAUNDERS.

Essex.   Nov. 8, 1876. — Jan. 6, 1877.   COLT, DEVENS & LORD, JJ., absent.

In an action on a promissory note, payable on demand, it appeared that A. and B. lent C., the owner of a patent, $5000, A. contributing $1000, and B. $4000. C. gave his note therefor to B., assigned to him the patent as collateral security, and agreed to convey an interest in the patent for the benefit of himself and A., in pursuance of an agreement between A. and B., who further agreed that they should be jointly interested in the loan, the collateral security and the agreement to convey an interest in the patent, in the proportion of one to four. At the same time B. gave the note in suit to A., as evidence of his interest in the loan and security, with the express agreement that it should not be demanded or paid until B. should receive

payment of the loan to C. C. did not pay his note at maturity, and B. with the consent of A. sold the patent to D. for an amount equal to the sum with interest for which it was held as security, and B. at the request of A. took D.'s note for the amount, with the agreement that B. should hold it as the joint property of A. and himself, and that a company should be formed to use and work the patent. It was also agreed that if B. would subscribe to the stock of the company, and pay for the same with D.'s note, the note in suit might remain, and B. should not be called upon to pay it, until the profits of so much of the stock as equitably represented the amount of the note should be sufficient to pay it. B. subscribed for the stock and so paid for it, but never received any profits therefrom. *Held,* that A. could not maintain an action on the note.

CONTRACT on a promissory note for $1000, payable on demand. At the trial in the Superior Court, before *Bacon,* J., the plaintiff objected that, if the facts set forth in the defendant's answer were proved, they constituted no defence to the action. By the consent of parties, the judge, before verdict, reported the case for the consideration of this court. If the facts set forth in the answer and competent to be proved, constituted no defence to the action, judgment was to be entered for the plaintiff; otherwise, the case to stand for trial. The facts appear in the opinion.

*C. U. Bell,* for the plaintiff.

*S. B. Ives, Jr. & C. G. Saunders,* for the defendant.

ENDICOTT, J. For the purposes of this decision the averments of the answer are to be taken as true, and the question is whether, if proved, they constitute a defence to the action.

It appears that the plaintiff's intestate, Kimball C. Gleason, and the defendant, lent to one Johnson, the owner of a patent right, five thousand dollars; Gleason contributing one thousand, and the defendant four thousand dollars. Johnson gave his note therefor to the defendant, payable in four months, and assigned to him the patent right as collateral security; and also gave him an agreement to convey an interest in the patent right for the benefit of himself and Gleason. This arrangement was in pursuance of an agreement between Gleason and the defendant, and it was further agreed that they should be jointly interested in the loan, the collateral security and the agreement to convey an interest in the patent, in the proportion of one to four. At the same time the defendant gave the note in suit to Gleason as evidence of his interest in the loan and security, with the express

agreement, that it should not be demanded or paid until the de-
fendant should receive payment of the loan to Johnson.

How far these agreements made at the inception of the note,
if construed together, would furnish a defence to this action, and
how far such defence would be open to the objection that it in-
troduced parol evidence to vary and control the terms of a
written instrument, we do not think it necessary to consider.
The subsequent transactions and agreements of the parties, in
the opinion of the court, constitute a good defence.

Johnson did not pay his note at maturity, and, with the con-
sent of Gleason, the patent right was sold by the defendant, at
auction, to one Thomas for an amount equal to the sum with
interest for which it was held as collateral security ; and, at the
request of Gleason, the defendant took Thomas's note for the
amount, with the agreement that the defendant should hold it as
the joint property of himself and Gleason, and that a company
should be formed to use and work the patent.    This was in effect
carrying out and executing the agreement previously made, that
the defendant should not be called upon to pay his note till
Johnson's note was paid, by substituting, for payment in cash,
an interest to the same amount in the note given by Thomas.
This agreement is not inconsistent with the terms of the note.
It was made when the note was due, after the sale of the col-
lateral security, when Gleason had the right to enforce the pay-
ment, and when the defendant could have paid it from the pro-
ceeds of the sale, instead of taking the note of Thomas.    It was
a mode of payment agreed upon between the parties.    *Ward*
v. *Winship*, 12 Mass. 480.    The agreement had a sufficient con-
sideration in the fact, that the defendant took the note instead of
cash at Gleason's request.

An additional agreement was made at the same time, which
was part of the foregoing, as to the use the defendant might
make of the note, which he held for their joint benefit.    And it
was agreed that if the defendant would subscribe to the stock of
the company, and pay for the same with the note held for their
joint benefit, the note in suit might remain and the defendant
should not be called upon to pay it until the profits of so much
of the stock as equitably represented the amount of the note
should be sufficient to pay it.    Relying on this agreement, the

defendant afterwards subscribed to the stock, paid for the same with the note of Thomas, instead of demanding a cash payment from Thomas, and he has never received any profits whatever.

The fair construction of the whole agreement is, that the parties being jointly interested in the note held by the defendant, if the defendant, acting for their joint interest, subscribed for the stock in the manner provided, then Gleason, instead of receiving payment for the amount put in by him from the proceeds of Thomas's note, should receive it from a proportional share of the profits, if there were any; if there were none, then he should not be paid. Another method of payment was thus substituted. They were jointly interested in the original loan, and in the arrangements which they entered into for securing payment. If the defendant did not subscribe to the stock, Gleason could not have enforced the note in suit against him, for, having agreed to substitute the note of Thomas therefor, he must look to the proceeds of the note in the defendant's hands for his payment. If the defendant did subscribe, then Gleason could be paid only in the event of profits. In other words, if the enterprise was successful, both might be paid the sums they originally put in; if not successful, both would lose.

Gleason having agreed to this method of payment, his administratrix cannot recover on this note, in violation of his agreement.
*Case to stand for trial.*