CHARLES TAYLOR & another, executors, *vs.* HORACE TAYLOR & others.

Berkshire.    Sept. 27. — Nov. 22, 1887.    C. ALLEN & HOLMES, JJ., absent.

A testator by his will directed that his executor should "lay aside a fund of" a certain amount, of which his widow was to have the income during her life; gave the rest and residue of the estate to his brothers and sisters who might be living at his decease, to be divided equally between them; and provided that, "in case any of the legatees are indebted to me at the time of my decease, such indebtedness shall be deducted from the legacy given him or her, and the balance only paid over to such legatee, and if such indebtedness exceeds the legacy given them, I hereby discharge and release the surplus of such indebtedness." At the decease of the testator some of the brothers were indebted to him on promissory notes bearing interest. *Held*, that the executor was not entitled in his account to charge these brothers with interest after the testator's decease.

APPEAL, by the executors of the will of William Taylor, from a decree of the Probate Court, disallowing certain items in the executors' account, charging interest to the legatees named in the will on debts due from them to the testator at the time of his death. The case was heard by *Holmes*, J., and reserved for the consideration of the full court, on the following agreed facts:

The will of William Taylor directed his executors "to lay aside a fund of twenty-five thousand dollars," the income of

which was to be paid to his widow for life. It also gave legacies to several persons, and contained the following clauses:

"The rest and residue of my estate I give, devise, and bequeath to my brothers and sisters who shall be living at the time of my decease, to be divided equally between them, share and share alike.

"In case any of the legatees are indebted to me at the time of my decease, such indebtedness shall be deducted from the legacy given him or her, and the balance only paid over to such legatee, and if such indebtedness exceeds the legacy given them, I hereby discharge and release the surplus of such indebtedness."

At the decease of said William, his brothers Horace Taylor and Franklin G. Taylor, and his sister Mrs. Mary T. Churchill, were severally indebted to him on their respective promissory notes, payable to him or order, on demand, with interest. There were four brothers and three sisters living at his death.

After setting aside the $25,000, to be held in trust for the widow during her life, and after paying the other small legacies, the executors had in their hands, from time to time, a small surplus, and made, during the life of the widow, three distributions therefrom to the four brothers and three sisters who were the residuary legatees: one in January, 1880, of $1000; one in April, 1881, of $500; one in September, 1881, of $526.28. These sums were paid over in money to those who were not indebted to the estate, and to those who were indebted the same sums were credited as an indorsement or part payment of such indebtedness due from them to the estate, as of the date of each of said distributions.

*M. Wilcox*, for the appellants, contended that interest continued to accrue as long as the principal, or any part, remained outstanding, and that the indebtedness to be deducted from the legacy of each of the debtors should be the principal, together with accruing interest, till paid or extinguished by having been deducted from or allowed out of their legacies in the course of the administration of the estate.

*J. Branning*, for the appellees, contended that interest on their indebtedness stopped at the death of the testator.

MORTON, C. J. The question whether the executors have the right to charge interest, after the death of the testator, upon the debts due by his brothers and sisters, depends upon the intention of the testator, to be gathered from his will. *Bacon* v. *Gassett*, 13 Allen, 334. *Cummings* v. *Bramhall*, 120 Mass. 552.

The will gives legacies to several persons; directs that the executors "shall lay aside a fund of twenty-five thousand dollars," of which his widow is to have the income during her life; and devises and bequeaths the rest and residue of the estate to his brothers and sisters who may be living at the decease of the testator, to be divided equally between them.

It then provides that, "in case any of the legatees are indebted to me at the time of my decease, such indebtedness shall be deducted from the legacy given him or her, and the balance only paid over to such legatee, and if such indebtedness exceeds the legacy given them, I hereby discharge and release the surplus of such indebtedness."

The amounts due by the brothers and sisters at his death cannot, in strictness, be regarded as advancements; but it is clear that the testator did not intend that they should be treated as debts capable of being collected. At his death they ceased to be debts to be collected, and became amounts which were to be included in making up the residue to be divided, and then to be deducted from the separate shares of the legatees. The language first used implies that the debts to be deducted are to be taken as they exist at the death of the testator: "In case any of the legatees are indebted to me at the time of my decease, such indebtedness shall be deducted." "Such indebtedness" means the amount due at the decease of the testator. We think that the intention of the testator was that these debts should cease to be debts, and become at his decease in the nature of advancements. They therefore become substantially advancements, not by force of the statute nor by reason of the original character of the debts, but because they are made so by the will of the testator.

It follows that the executors are not entitled, in making up the residue, to charge, against the brothers and sisters of the testator who were indebted to him at the time of his decease, interest after his decease. *Decree affirmed.*