JULIAN COCHRAN *vs.* CHARLES P. COCHRAN, THOMAS H. GILPIN and JOSEPH GIBSON, Executors of JOHN P. COCHRAN, deceased.

*Case Stated— Will ; Construction of—Residuary Legacy—Deducting Indebtedness of Legatee—Interest.*

1. Where the will contains no direction for the deduction of debts, the executors may charge interest on the legatee's indebtedness until the legacy is payable. The legacy does not operate as payment of the debt at the date of the decease of the testator.

2. Where the will directs the deduction of debts owing by the legatee, the question whether such debts shall be deducted with interest, and to what time or upon what amount interest shall be computed, is to be determined by the intention of the testator, as indicated by the language of the will or other circumstances of the case.

3. If the debt is evidenced by an interest-bearing instrument or accounts on which interest was charged, it will be presumed that the testator intended the debt to bear interest.

( *June 6, 1902.* )

LORE C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Benjamin Nields* for plaintiff.

*John H. Rodney* for defendants.

Superior Court, New Castle County, May Term, 1902.

CASE STATED (No. 133, February Term, 1902).

(Argued at February Term, 1902; opinion handed down at May Term, 1902.)

The facts appear in the opinion of the Court.

LORE, C. J.:—As appears from the case stated, this suit was instituted to recover the sum of $340.90, claimed by Julian Coch-

ran, the plaintiff, as the balance of the residuary legacy, due to him under the will of his father, the said John P. Cochran. The amount is made up entirely of interest upon his indebtedness to the testator, calculated from the death of the testator, December 27th, 1898, to the time of the payment of the legacy, January 7th, 1900; which he claims the executors wrongfully deducted out of his legacy.

The will provided—Item 19—"I order and direct my executors (except as otherwise directed) to retain out of the residuary fund of my estate as against each beneficiary of that fund, the amount of indebtedness due me from such persons interested, as the same may appear from my books and papers."

Item 27 provided that all the rest and residue of his estate should be converted into money and divided into seven equal parts and paid over to the residuary legatees; "the said payments to be made after deducting the indebtedness due from each as hereinbefore provided." The plaintiff was entitled to one of these residuary parts.

John P. Cochran held at his decease a mortgage of the plaintiff with an accompanying bond for $5,330, dated November 6th, 1883, bearing interest.

By Item 14 of the will this mortgage with the bond was to be "extinguished and given up" to the plaintiff upon payment by him to the executors of interest from the date of the will until the time it went into effect. It was so extinguished, and bears upon the question before us only so far as it tends to show the testator's intent as to the payment of interest.

The testator also held against the plaintiff two other bonds; one for $3,589, with interest; the other for $1,043.52, with interest, and a book account of $922.32.

The balance of $340.90, claimed by the plaintiff, is the interest on these three amounts, from the death of the testator to the settlement of his estate.

The question submitted by the case stated is, whether inter-

est should be collected upon the said bonds and book account after the death of the testator.

"Where the will contains no direction for the deduction of debts, the executors may charge interest on the legatee's indebtedness until the legacy is payable." The legacy does not operate as payment of the debt at the date of the decease of the testator.

*18 A. and E. Ency. Law, 783 ; Bowen vs. Evans, 70 Iowa, 368 ; Williams on Executors, 1175,* and cases cited.

Where the will directs the deduction of debts owing by the legatee, the question whether such debts shall be deducted with interest, and to what time or upon what amount interest shall be computed, is to be determined by the intention of the testator, as indicated by the language of the will, or other circumstancs of the case.

*Cummings vs. Bramhall, 120 Mass., 552; Taylor vs. Taylor, 145 Mass., 239.*

If the debt is evidenced by an interest-bearing instrument, or accounts on which interest was charged, it will be presumed that the testator intended the debt to bear interest.

*Cummings vs. Bramhall, 120 Mass., 552.*

At the death of the testator, the indebtedness of the plaintiff appearing from the books and papers of the testator was interest-bearing.

There seems to be nothing in the language of the will showing an intention to change the character of the debt, except so far as to make it a charge upon the share of the legatee when paid; thus leaving the payment of interest thereon subject to the same rules as any other debtor to the estate.

The debt is not extinguished or released, as in *Taylor vs. Taylor, 145 Mass., 239,* where it was provided in the will, "if such indebtedness exceeds the legacy, I hereby discharge and release the surplus of such indebtedness."

All the cases cited where interest had not been allowed are of like character, and turn upon the language of the will in each

case, except the case of *Dickerson vs. Stokes, 4 Demorest, (N. Y.), 219,* which was cited and much relied upon by the plaintiff. There the Court held that interest on the indebtedness of the legatee ceased at the death of the testator; that the legacy operated as a full satisfaction and extinguishment of so much of the debt; and this would be so even in the absence of the direction to deduct the debt from the legacy. This case seems to stand alone. It is contrary to the authorities above cited, and moreover, is not the case of a residuary legatee, as the one before us.

In this case John P. Cochran did authorize the extinguishment of the mortgage for $5,330, upon the payment of the interest from the date of his will until the time it went into operation; thus showing that he had in mind, and dealt with the payment of interest on, and the extinguishment of a part of the indebtedness of the plaintiff; but the will in no wise indicates any such purpose as to the residue of the indebtedness; thereby leaving such residue to the ordinary rules governing the settlement of estates.

We find nothing in the language of the will, or in the circumstances of the case, which would stop the running of interest on the indebtedness of the plaintiff at the death of the testator, and are of opinion that interest was rightfully claimed and deducted by the executor up to the date of their settlement.

We therefore order that judgment be entered in favor of the defendants.