James A. Young *vs.* Alfred S. Hayes & another.

Suffolk.    March 27, 1912. — September 11, 1912.

Present: Rugg, C. J., Morton, Hammond, Braley, Sheldon, & DeCourcy, JJ.

*Bills and Notes,* Consideration, Conditional delivery.  *Practice, Civil,* Election between counts.  *Agency.  Accord and Satisfaction.*

Under R. L. c. 73, § 42, a loan of money made to a person, who borrowed and used it for the joint benefit of himself and of other persons undisclosed, is a good consideration for the indorsement by one of such undisclosed persons of a note subsequently given to the lender and accepted by him in discharge of the obligation of the loan.

Although in an action on a promissory note by the payee against an indorser it can be shown in defense that by an agreement between the parties the defendant's indorsement was not to be binding until the note was indorsed by two other persons named, yet, where evidence to this effect is contradicted by evidence that the defendant signed the note as indorser unconditionally, the question of the credibility of the witnesses is for the jury and a request for a ruling that the plaintiff cannot recover must be refused.

In an action of contract the declaration contained a count on a promissory note by the payee against an indorser and a count for money lent to recover the same debt for which the note was alleged to have been given. The defendant contended that his indorsement of the note was conditional upon other indorsements being obtained and that the condition had not been performed, and there was conflicting evidence on this issue. The judge refused to rule that the plaintiff could not recover on the count for money lent or to order the plaintiff to elect on which count of the declaration he would rely, but ruled that if the jury found for the plaintiff on the count on the promissory note they could not find for him also on the count for money lent. The jury found for the plaintiff on the count on the note.  *Held,* that the rulings were refused rightly, as before the verdict it could not be known that the jury would not find that the defendant's indorsement of the note was conditional, in which case the plaintiff would be entitled to rely on his count for money lent.

Evidence, that the lender of a sum of money knew that it had been borrowed for the purpose of providing for the joint purchase by four persons of a controlling interest in the capital stock of a certain corporation, that the lender knew that in some way the payment of the loan was to be secured, and that shortly afterwards the lender's son by his authority procured a note payable to the lender's order for the amount lent signed as maker by one of the four persons and indorsed by another of them and by the lender's son, is not evidence that the lender authorized his son to act as his agent in signing a subsequent agreement under seal relating to the joint enterprise, which was executed by the four persons engaged in the enterprise and by the lender's son in the son's own name.

In an action on a promissory note, which was given to the plaintiff for a loan of

money made by him to be used for the purpose of procuring for certain persons a controlling interest in the capital stock of a corporation, it was held on the evidence to be a question of fact for the jury whether certain shares of the corporation in question held by the plaintiff had been accepted by him in satisfaction of his claim in accordance with the provisions of an agreement under seal, of which he knew although he was not a party to it, or whether the shares had been transferred to him independently of the agreement in compliance with a promise of the maker of the note as a bonus or premium for the loan.

CONTRACT in three counts. The first count was against Frederick J. Daggett as the maker of a promissory note for $2,000, dated June 10, 1903, and payable to the order of the plaintiff six months after date at any bank in Boston, "eighty shares of the Canadian Atlantic and Plant Steamship Company Ltd being put up as security." The second count was against Alfred S. Hayes as indorser before delivery of the same note. The third count, which was added by amendment, was against both Daggett and Hayes for $2,000 alleged to have been lent to the defendants on or about June 10, 1903, "upon their joint and several promises to repay the same on demand." The writ was dated November 11, 1909.

The note declared upon also was indorsed by James E. Young, who was not made a defendant, and there was indorsed on the note a payment of $1,420, received on account on June 3, 1910.

By an amendment to his answer the defendant Hayes alleged that, if he indorsed the note, he did so upon the agreement of James E. Young, acting as agent for the plaintiff, that the note should not be used and that the defendant should not be liable thereon unless and until the note had been signed or indorsed by one Charles E. Pye and one George E. Gale and that the note never was signed or indorsed by either of them. The defendant Hayes also alleged that there never was any consideration for his indorsement of the note.

By a further amendment to his answer the defendant Hayes set forth an agreement under seal dated June 16, 1903, executed by the defendants Hayes and Daggett and also by George E. Gale, Charles E. Pye and James E. Young, the last named being the son of the plaintiff, relating to an undertaking to raise money and purchase the stock of the Canada, Atlantic and Plant Steamship Company, Ltd., and alleged that James E. Young executed this agreement as the agent of the plaintiff, that this agreement ·

superseded all other agreements and understandings between the parties to it and that the plaintiff was bound thereby, and there-fore that the defendant was not liable on either count.

The agreement set forth in the amended answer was put in evidence at the trial and was as follows:

"Agreement made this sixteenth day of June, A. D. 1903, by and between Alfred S. Hayes, George E. Gale, Charles E. Pye, Frederick J. Daggett and James E. Young.

"Witnesseth:

"Whereas the above named parties entered into an undertaking to raise money and purchase the Canada Atlantic and Plant Steamship Company (Ltd.) and

"Whereas by the united efforts of the above named parties the total stock in said Company now issued, amounting to two thousand (2000) shares has been purchased by, and has been delivered to A. W. Perry, of Boston, to be held by the said Perry under a certain agreement in writing between him and the said Hayes, Gale, Pye and Daggett, and

"Whereas said Company is about to issue two thousand (2000) shares more of stock, making four thousand (4000) in all, and

"Whereas by the terms of said agreement with the said Perry, he is to hold three thousand (3000) shares of said stock, and

"Whereas the balance of one thousand (1000) shares of stock is to be sold or apportioned immediately; and the three thousand (3000) shares of stock to be apportioned when released by Perry.

"Now, therefore, in consideration of the above, and of mutual agreements and promises it is agreed as follows:

"1. The said one thousand (1000) shares of stock last mentioned above are to be used and apportioned as follows: Sixty (60) shares to George B. Bussey of Winthrop; sixty (60) shares to James A. Young, of Boston; of the remaining eight hundred and eighty (880) shares, there are to be taken what is required by law to be held by the Directors in said Company, viz: Ninety (90) shares. Of the balance thereafter remaining, there is to be taken whatever is necessary to sell, in order to raise the amount of $26,883.41 in cash, and $26,883.41 to be used to repay the amount supplied in order to negotiate and complete the purchase of the stock and land as above set forth, and is to be paid as follows:

$6083.41 to A. S. Hayes
5400.00 to George E. Gale
5000.00 to Frederick J. Daggett
6300.00 to Charles E. Pye
2000.00 to James A. Young
2000.00 to G. B. Bussey
100.00 to E. C. Holman.

"Any balance then remaining is to be sold and the proceeds divided equally among the said Hayes, Gale, Pye and Daggett.

"2. When the notes held by the said A. W. Perry shall have been paid, or when his claim on the three thousand (3000) shares of stock held by him shall have been released, it is agreed that the two hundred shares of said stock shall be paid to W. A. Faulkner; one hundred and fifty shares to R. T. McIlreithe; twenty shares to William Mombequit; one hundred and seventy-four shares to J. E. Young; and forty shares to Curtis & Sederquist. The balance then remaining shall be divided into sixteen parts, and shall be distributed as follows: Alfred S. Hayes to have four of said parts, George E. Gale to have four of said parts, F. J. Daggett to have four of said parts, Charles E. Pye to have four of said parts.

"It is understood and agreed that upon the delivery to the said parties of the said stock, and the payment of the money as above, all claims against the said Company on account of services or expenses to the date of this instrument shall be deemed fully satisfied.

"It is further agreed that the interest of the said Hayes, Gale, Pye and Daggett to the extent of two thousand and four shares (2004) to be supplied by them in equal parts, shall be placed in a pool, and that the total of said shares shall be voted at any stockholders' meeting according to a majority vote of said pool, according to a pooling agreement to be more fully entered into in writing between said four parties; but until the notes of the said Perry shall have been paid, or his claim discharged, it is agreed that the interest of all the parties hereto in the stock of said Company shall be voted in such a manner that the Board of Directors shall always comprise the said Hayes, Gale, Daggett and Pye, and so that the Executive Committee shall consist of the said Hayes, Gale and Daggett, and so that further, the said Hayes shall remain Presi-

dent of the Company, and the said Gale Managing Director, and the said Pye Vice President and Supervisor.

"Provided at any time the four members of the pool should be tied in the voting of the stock of the pool, it is agreed that the decision upon such question shall be left with Robert T. Mc-Ilreithe of Halifax, Nova Scotia, whose decision shall be final.

"Witness our hands and common seal on day and date first above mentioned.

> " Alfred S. Hayes (Seal)
> . George E. Gale
> Charles E. Pye
> Frederick J. Daggett
> James E. Young."

In the Superior Court the case was tried before *Hardy,* J. The defendant Daggett admitted liability, and by an agreement between him and the plaintiff a verdict was entered against him at the beginning of the trial on the first count in the sum of $1,417.80, being the balance due after a voluntary payment made by him before the trial, and the trial proceeded against the defendant Hayes on the second and third counts.

The uncontroverted facts and the facts which could have been found upon the plaintiff's evidence are stated in the opinion. At the close of the evidence the defendant Hayes asked the judge to make the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover."

"3. Upon all the evidence the plaintiff is not entitled to recover on the second count of his declaration.

"4. Upon all the evidence the plaintiff is not entitled to recover on the third count of his declaration.

"5. The defendant moves that the plaintiff be ordered to elect upon which count of his declaration he will rely."

"7. If the jury find that the agreement of June 16, 1903, was intended as a culminating agreement, superseding all other agreements or arrangements between the parties, then the plaintiff is not entitled to recover provided you also find that James E. Young was acting for and in behalf of his father, and as his father's agent in signing said agreement."

"10. If the plaintiff, knowing or having reason to know of the

agreement of June 16, 1903, accepted and still holds stock in accordance with said agreement, that is evidence that he ratified the same, and if he ratified the same, he is not entitled to recover under either count of his declaration."

The judge refused to make any of these rulings. At the close of his charge, the judge gave the following instruction in regard to the form of the verdict:

"In dealing with the counts here the counsel have kindly made up the amount of interest upon the claim and the clerk has made up here blank verdicts to be signed by the foreman upon the two counts — that is, if you find the defendant, Mr. Hayes, is not liable because of any joint liability here upon the third count, then you should give a verdict for Mr. Hayes on both counts. If you find that he is liable upon the third count, then you may consider how far this note was a valid note because it was delivered to the plaintiff, Mr. Young, without any condition. And if you find he is liable and a consideration exists here, in accordance with my instructions, your verdict should be on the second count for the plaintiff and a verdict for the defendant on the third count."

The jury returned a verdict for the plaintiff against the defendant Hayes upon the second count in the sum of $1,417.80. They returned no verdict upon the third count. The defendant alleged exceptions.

The case was argued at the bar in March, 1912, before *Rugg*, C. J., *Morton, Braley, Sheldon,* & *DeCourcy,* JJ., and afterwards was submitted on briefs to all the justices except *Loring*, J.

*D. E. Hall,* for the defendant Hayes.

*A. D. Hill,* (*J. E. Young* with him,) for the plaintiff.

BRALEY, J. The plaintiff sues to recover under the first count from the defendant Daggett, and under the second count from the defendant Hayes, the amount remaining due on a promissory note signed by them respectively as maker and indorser. By consent the jury returned a verdict for the plaintiff on the first count, and the trial proceeded on the second and third counts. The note having been delivered by the maker some days after the money had been received, and before the defendant indorsed, there was no consideration for the indorsement unless, as the plaintiff contended, the loan was procured for the benefit of the defendants jointly, even if the money had been lent in ignorance of any

agreement between them.  *Way* v. *Butterworth*, 108 Mass. 509. R. L. c. 73, § 42.

It seems to have been uncontroverted, that in association with one George E. Gale and one Charles E. Pye the defendants became interested in the acquisition by purchase of a controlling interest in the capital stock of a coastwise steamship company, but, lacking sufficient funds of their own, a large amount of money must be borrowed or the enterprise could not succeed.  The efforts to interest those who could financially aid them were largely exerted by Hayes, to whom reference hereafter will be made as the defendant, and the needed assistance was obtained upon certain conditions, among which was the requirement that the four promoters should contribute in cash the sum of $25,000 as their proportion of the purchase price.  They undertook to comply with this condition, and while from this point an irreconcilable conflict in the evidence arises, the jury from the testimony introduced by the plaintiff would have been warranted in finding, that after each promoter had contributed the part allotted to him there remained to be raised a balance of $4,000, which would have to be borrowed. It then was mutually understood and agreed that Daggett should act for them, and he was authorized to hire the money in their behalf, and as an inducement to obtain a loan to offer the lender a gift of shares of its stock upon their attainment of control of the corporation.  When he borrowed from the plaintiff one half of the required amount he did not disclose the names of his associates or state that he represented a syndicate, but, the money having been transmitted to the defendant, it was used for their joint benefit. If the note declared on had not been subsequently asked for, given and accepted, the defendant could have been sued as an undisclosed principal when the plaintiff discovered his liability.  *Byington* v. *Simpson*, 134 Mass. 169.  But presumptively the loan had been paid by the note, and, the defendant having been responsible jointly for the debt, there was sufficient consideration to support his promise as indorser, and it is immaterial whether he indorsed before or after the note had been delivered to the plaintiff's agent.  *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89, 94.  R. L. c. 73, §§ 41, 42.

A promissory note, however, as between the parties takes effect only upon its unconditional delivery, and if, as the defendant con-

tended and testified, it was understood that his indorsement should not be binding until the signatures of Gale and Pye also had been secured, his third request would have been appropriate. *Watkins* v. *Bowers*, 119 Mass. 383. *Barrie* v. *Quinby*, 206 Mass. 259, 263. But as the plaintiff's son, James E. Young, who acted as his agent in procuring the note and the indorsement, testified that the defendant signed unconditionally, the credibility of the witnesses rested with the jury, and the refusal of this request is not ground for exception.

A third count declaring for money lent having been allowed as an amendment at the trial, the defendant asked at the close of the evidence for rulings that the plaintiff could not recover on this count and that the plaintiff be ordered to elect the count on which he finally relied. The jury if they found for the plaintiff on the second count should have found for the defendant on the third count, and while so instructed they probably failed to apply accurately the distinctions pointed out as applicable to the different counts, but, under the defense that the indorsement had been obtained on the condition stated, the plaintiff until a verdict had been rendered could rely on the count for money lent, and no inconsistency is apparent. *National Granite Bank* v. *Tyndale*, 176 Mass. 547. *Mullaly* v. *Austin*, 97 Mass. 30, 33, 34. *Holman* v. *Updike*, 208 Mass. 466, 471. The jury could not properly have been instructed as asked for in the fourth and fifth requests, and only the questions involved in the refusal to give the seventh and tenth requests remain.

The plaintiff lent the money originally on the credit of the maker, and, when he sent him a check for the amount, the jury would have been justified in finding from the plaintiff's evidence that he was cognizant of the purpose for which it had been borrowed and that the plaintiff and Daggett understood that in some form payment of the loan was to be secured. Very shortly after this the plaintiff requested his son to procure a note, or as he testified he had talked with his son "and left things to him to take care of," and gave him authority "to look out for me." The scope of the agency at the time of employment seems to have been limited to the business to be transacted, namely, the procurement of a note from Daggett, and, the agreement under seal pleaded in bar of the action by the amended answer not having been executed

in the name of the plaintiff, or by his authority, the seventh request could not have been given. *Brinley* v. *Mann,* 2 Cush. 337. *Sherman* v. *Fitch,* 98 Mass. 59. *First Baptist Church of Sharon* v. *Harper,* 191 Mass. 196.

The plaintiff, however, is named, and the debt due to him is described as included in the outstanding liabilities of the promoters which were to be liquidated from sales of shares of stock they had acquired, and it is signed by James E. Young, who was not a member of the syndicate, although recognized in the instrument after the indebtedness had been paid as entitled to a certain number of shares. It was the plaintiff's contention, that, although the number of shares he received corresponded with the number named in the agreement, they were transferred to him independently of its terms, and in compliance with the promise of Daggett, as a bonus or premium for the loan. The reasonableness and effect of this explanation was submitted to the jury. In their consideration of the question they were instructed in substance to consider the agreement and determine whether the plaintiff relied on the personal liability of the defendant or agreed to accept in satisfaction of his demand the proceeds from future sales of stock, the value of which very largely might depend upon the success of the enterprise. The true nature of the dealings' between the parties depended upon conflicting evidence, and if the transaction remained a loan represented by the note, as the verdict shows the jury found, the judge rightly declined to rule in the language of the tenth request that by acceptance of the stock the plaintiff had ratified the agreement and engaged thereafter to look solely to the sales of outside stock for reimbursement. *Gleason* v. *Saunders,* 121 Mass. 436. *Garant* v. *Cashman,* 183 Mass. 13, 17, 18.

*Exceptions overruled.*