NATHANIEL W. BOWES *vs.* ANDREW F. CHRISTIAN.

Middlesex.    November 8, 1915. — January 7, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Pleading, Civil,* Answer.  *Contract,* What constitutes, In writing.  *Evidence,* Extrinsic affecting writings.

It here was *pointed out,* that in the trial of an action of contract the plaintiff's failure to perform a condition precedent by reason of which the contract never took effect may be shown under an answer that contains only a general denial. In the present case an amendment of the answer alleging non-performance of the condition precedent was allowed.

In an action by a real estate broker on a contract alleged to have been made by an application in writing of the defendant to the plaintiff to procure a first mortgage for $30,000 on certain real estate of the defendant who agreed to pay a commission of two and a half per cent for procuring such mortgage, the defendant may show in defence that the defendant, when he made the application, also had applied to the plaintiff to procure for him a second mortgage for $10,000 on the same property subject to a first mortgage for $30,000, and that it was understood and agreed between the parties that no commission should be paid to the plaintiff for procuring the first mortgage for $30,000, unless he also had procured the second mortgage for $10,000, and that the plaintiff never procured such second mortgage.

CONTRACT by a real estate broker to recover $750 as a commission of two and one half per cent alleged to be due to the plaintiff for procuring a mortgage for $30,000 on certain real estate of the defendant.  Writ dated December 3, 1913.

In the Superior Court the case was tried before *Hardy, J.*  It appeared that the defendant made two applications in writing, filled in on printed blanks, to the plaintiff as a real estate broker for mortgage loans upon the defendant's dwelling house on Marlborough Street in Boston.  One of these applications, which was dated November 3, 1913, was for a first mortgage for $30,000. The other application, which was dated October 28, 1913, was for a second mortgage of $10,000 on the same dwelling house subject to a first mortgage for $30,000.  Each of the applications contained the following paragraph: "It is understood that the undersigned is to pay interest upon the amount of the above loan from the time when this proposal shall be accepted, and a com-

mission of 2½ per cent. — that the title to the above-mentioned real estate is to be examined and the papers prepared by the Solicitor of the party accepting this proposal, and the mortgage deed to be recorded, all at the expense of the undersigned — and that the said title will not be deemed to be satisfactory if the estate is held subject to any condition."

In the course of the trial the jury was excused and the counsel for the defendant made the following offer of proof:

"Now, what I offer to show, if your honor please, is this: that Dr. Christian and Mr. Bowes had some business dealings substantially as has been testified here, or as far as the first mortgage goes, Mr. Bowes hasn't told but half the story; the evidence that we shall offer, not only by the defendant, but by admissions, as we say, of the plaintiff, that the arrangement was this: Dr. Christian wanted a first mortgage of $30,000 and a second mortgage of $10,000, but he could not, or did not, put them both in one application, but put them in two separate applications, and said in substance to Mr. Bowes this: I want a first and second mortgage according to these terms here. I am not going to pay, and I want you to understand I am not going to pay, and you will not charge me with my commission on the first mortgage unless both go through. In other words, what I propose to show, if I am permitted, is, not that we seek to vary the terms of the application for the first mortgage, but as to a condition of its taking effect at all, there was a further condition that there should be an application accepted for the second mortgage, because getting the first mortgage, as we shall show, wasn't a difficult thing at all —"

Here followed a colloquy between the counsel and the presiding judge, after which and after consulting with his client the defendant made the following addition to his offer of proof:

"One thing I omitted in my offer of proof, and that is this: that when the application for the first mortgage, the thirty-thousand-dollar mortgage, was made by Dr. Christian, it was stated at that time that that mortgage would be of no value to Dr. Christian without the second, because we shall offer to show that Dr. Christian thought he had a permanent first mortgage on the property at that time, and he didn't care so much about the first mortgage as he did about getting the second mortgage."

The defendant's counsel, in order to avoid any question of

pleading, asked leave to amend his answer, which consisted of a general denial, by adding to it the following allegations:

". . . that it was a condition precedent to the taking effect of the agreement or contract set forth in the plaintiff's declaration, that the plaintiff should procure for said defendant a second mortgage, so called; that said application for said second mortgage was presented to the plaintiff before the application for the first mortgage, and that the same was in his hands and possession for the purpose of his procuring a loan when said plaintiff received the application for the first mortgage, so called; that the plaintiff accepted the duty of procuring the thirty-thousand-dollar mortgage so called, with the express agreement and understanding between the plaintiff and the defendant that the same should not become effective and that the said plaintiff should not receive any fees or commissions for procuring said loan unless he, the said plaintiff, was able to procure and did procure for said defendant a customer for the application for said second mortgage.

"And the defendant further says that said plaintiff received and accepted the application for the first mortgage, so called, with the express agreement and understanding heretofore referred to, and that said plaintiff has wholly failed in the performance of the conditions by him to be performed, and that he did procure said first mortgage, but did not procure said second mortgage for said defendant or on his behalf. Wherefore the defendant says that the plaintiff cannot maintain his action not having complied with the conditions precedent to the taking effect of the agreement set forth in the plaintiff's declaration."

The judge allowed the proposed amendment of the answer, and then refused to admit the evidence offered by the defendant. It was conceded by the defendant's counsel that the plaintiff had made out a *prima facie* case and that the defendant's only defence was substantially as outlined in his offer of proof. By order of the judge the jury returned a verdict for the plaintiff in the sum of $795.50; and the defendant alleged exceptions.

*C. T. Cottrell,* for the defendant.

*J. F. McDonald & J. M. Graham,* for the plaintiff, submitted a brief.

BRALEY, J. The plaintiff having procured the first mortgage loan had earned his commission if the contract declared on was

unconditionally delivered by the defendant. *Munroe* v. *Taylor,* 191 Mass. 483. *Cohen* v. *Ames,* 205 Mass. 186.

It is the defendant's contention that the parties understood that the contract was not to be binding unless the plaintiff procured a second loan or mortgage on the property, which has not been done, and this defence was open under the answer of a general denial. *West End Manuf Co.* v. *P. R. Warren Co.* 198 Mass. 320.

The offer of proof as stated by the counsel did not tend to modify or vary the terms of the contract, but the evidence, if believed by the jury, showed that the agreement relied on never was made. *Young* v. *Hayes,* 212 Mass. 525, 531, 532, and cases cited.

The ruling excluding the testimony having been erroneous, the verdict ordered for the plaintiff must be set aside.

*Exceptions sustained.*