ROBERT M. PIERCE *vs.* ELIHU G. LOOMIS & another, executors.

Middlesex.    March 16, 17, 1916. — May 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Devise and Legacy.*

In an action under R. L. c. 141, § 19, against the executors of the will of the plaintiff's father for a legacy of $100,000, it appeared that the clause of the will under which the plaintiff claimed the legacy was as follows: "To my son [the plaintiff] . . . I give and bequeath the sum of $100,000 out of which bequest are to be first paid all notes signed or endorsed by him and owned by me at the time of my decease, with interest; also all notes signed or endorsed by the Languages Printing Company of New Jersey and owned by me at the time of my decease, with interest; and also all notes signed or endorsed either by said [the plaintiff] or by said Languages Printing Company of New Jersey and held in trust for me at the time of my decease, with interest. Upon settlement of said bequest the balance if any above said indebtedness is to be paid to my said son in money." The executors in defence put in evidence an unpaid note of the Languages Printing Company for $100,000 indorsed by the plaintiff and payable to a trustee for the testator. The plaintiff offered to prove that the note had been extinguished by a merger of the mortgage given to secure it, and also offered to show that the testator, when he made his will, knew of the mortgage and the merger and of other transactions that made the note legally unenforceable. The trial judge refused to admit the evidence offered and found for the defendants. *Held,* that the refusal and finding were right; that, although the debt of $100,000 due from the printing company might not have been collectible, it was the testator's intention in spite of this fact that this loan should be treated as in the nature of an advancement to his son and that the balance only, if any, should be paid to him as a legacy.

BRALEY, J.   By his will John H. Pierce, the father of the plaintiff, provided for his son as follows:

"To my son Robert Morris Pierce of the City of New York, I give and bequeath the sum of One Hundred Thousand dollars ($100,000) out of which bequest are to be first paid all notes signed or endorsed by him and owned by me at the time of my decease, with interest; also all notes signed or endorsed by the Languages Printing Company of New Jersey and owned by me at the time of my decease, with interest; and also all notes signed or endorsed either by said Robert Morris Pierce or by said Languages Printing Company of New Jersey and held in trust for me at the time of my decease, with interest. Upon settlement of said be-

quest the balance if any above said indebtedness is to be paid to my said son in money."

The codicil to the will made no change in these provisions, and, more than a year having elapsed since the appointment and qualification of the executors; and the funds in their hands being more than sufficient to meet all charges of administration and to pay all pecuniary legacies, and demand therefor having been duly made and refused, the plaintiff sues in contract under R. L. c. 141, § 19, to recover the full amount of the legacy.*

But the plaintiff, who has the burden of proof, cannot recover unless the legacy was absolutely due and payable at the beginning of the action.  *Colwell* v. *Alger*, 5 Gray, 67. *Brooks* v. *Lynde*, 7 Allen, 64, 68.    *Miles* v. *Boyden*, 3 Pick. 213, 218.

The language of the bequest is unambiguous.  It is not an unconditional gift, and the defendants accordingly under their answer of a general denial were properly permitted to introduce in evidence the unpaid, outstanding promissory note of the Languages Printing Company, indorsed by the plaintiff and referred to in the previously quoted paragraph or clause of the will, which note held by a trustee for the testator being equal in amount to the legacy no part of the legacy was apparently due. *Bowes* v. *Christian*, 222 Mass. 359, 362.    *Taylor* v. *Taylor*, 145 Mass. 239.

It was open to the plaintiff without filing a replication to introduce any competent evidence in avoidance of this defence.  R. L. c. 173, § 31.  *Lyon* v. *Manning*, 133 Mass. 439, 440.    *Todd* v. *Bishop*, 136 Mass. 386, 393.  And he contended under his first offer of proof, that before the testator's death the note had been extinguished by merger of the mortgage given to secure it with the equity of redemption; and by his second offer of proof; that "the security for the note introduced by the defendants was ample; that the payment, in return for which such note was given, is the only large payment made by the testator to or for the benefit of his son, the plaintiff; that, at present, there are held by Alonzo P. Weeks as trustee for John H. Pierce what purport to be three

---

* The case was heard by *Hall*, J., without a jury.  He found for the defendants;  and the plaintiff alleged exceptions.

notes, for $2,000, $3,000 and $5,000 respectively, signed by the Languages Printing Company and indorsed by Robert Morris Pierce; that these were held by said Weeks at the decease of John H. Pierce; that these notes had been expressly extinguished by the transfer of property in payment during the lifetime of John H. Pierce; that John H. Pierce himself held, at his death, a note for $14,000 and some fraction by Robert Morris Pierce; that there have been no other notes which could come within the description of the paragraph of the will; and that all of these notes and the alleged $100,000 note, as John H. Pierce knew, were in existence at the time that the will was drawn, although all those of the Languages Printing Company had been discharged before that time."

We are of opinion that the ruling excluding this evidence was right. The extent to which his son should share in the distribution of the estate must be determined by the testator's intention. While the debts specified are not to be collected, they were in the nature of advancements to be deducted, and it is the balance only, if any remains, which comes to him in money. *Taylor* v. *Taylor*, 145 Mass. 239. If under the offers of proof it is conceded that the testator knew of the merger and the other transactions referred to, and that the note had become unenforceable legally, he still chose with this knowledge to measure his bounty by the standard selected and with which by his express directions the plaintiff must comply. *Cummings* v. *Bramhall*, 120 Mass. 552, 561. *Sibley* v. *Maxwell*, 203 Mass. 94.

The purpose of the testator is further manifest by the clause immediately following the paragraph in question: "I have already paid to and for the benefit of my said son Robert Morris Pierce certain large sums which are not included in the indebtedness aforesaid and I have therefore granted to his sister Elsie Pierce a greater interest in my estate than to my said son."

The executors for the reasons stated not having been required to pay out of the general assets of the estate any of these notes, the further request that "in order to entitle the defendants to make any deduction from the $100,000 before paying the same to the plaintiff, they must show that some note within the description of that clause of the will has been paid by them" was rightly

refused, and, the finding for the defendants having been warranted by the evidence, the exceptions must be overruled.

*So ordered.*

*J. Dewey,* for the plaintiff.

*A. E. Pillsbury, (H. B. Patrick* with him,) for the defendants.