*Municipal Court of the City of Boston*

No. 355818

## WIN-ETT PLASTICS, INC.

### v.

## SHAWRAY PLASTIC CORPORATION

(October 16, 1953)

*Keniston, C. J.* This is an action of contract to recover $5,000 damages for breach of a contract to sell, by failure of the defendant to deliver goods ordered.

The answer of the defendant so far as material is that the contract was made on condition that the defendant received orders for the goods in an amount

sufficient to meet with its minimum requirements of production and that this condition was not satisfied.

There was evidence that the defendant was engaged in the manufacture of plastic fabrics; that sometime in March, 1952, the representative of the plaintiff gave certain orders for merchandise to the defendant. The fabrics manufactured by the defendant were of two distinct types: (1) surface patterns, and (2) rotogravure patterns.

Between March and May of 1952 the plaintiff gave defendant several orders for both types of fabric. Material to the issues raised are orders evidenced by two acknowledgments dated April 25, 1952 for 3,000 and 2,000 yards of surface patterns, copies of which are made a part of the report. Shipments were made and received for all orders given except these two orders. These two orders were of *surface patterns* while all of the other orders were for rotogravure patterns.

The representative of the plaintiff testified that the surface patterns, as -distinguished from the rotogravure patterns were very much in demand; that at the time he gave the orders for these surface patterns he expressed to the defendant the desire that unless he could get the surface patterns none of the other rotogravure patterns were of any use; that the surface patterns were never delivered, although all of the rotogravure patterns were, and that as a result the plaintiff suffered a great loss.

The representative of the defendant testified that at the time he received the orders for the surface patterns he informed the defendant that the process of producing surface patterns was very expensive and that he could not guarantee delivery of the surface patterns *until he received orders for at least 25,000 yards of each surface pattern* and that he accepted the order for the surface pattern on this contingency, stressing particularly the fact that no time was specified for delivery when acknowledgments of the orders for the surface patterns were sent; that no orders aggregating 25,000 yards on either surface

pattern had been received when he received a cancellation of the orders from the plaintiff and that the orders for the rotogravure patterns were not contingent on filling the surface pattern order.

It was agreed that all the other merchandise ordered by the plaintiff had been shipped and received and that the balance due for the same was as claimed in the declaration of the defendant in this action as plaintiff in a cross action against the plaintiff in this action as defendant for the balance due upon the goods sold and delivered. The two actions were tried together and Win-Ett Plastics, Inc., claimed a report in each action.

The plaintiff in this action filed several requests for rulings, all of which were granted except two which were denied as follows:—

(5) The contract entered into between the plaintiff and defendant was not severable.

(6) The plaintiff can recover for loss of customers, and loss of profits.

The Court found the following facts:—

"I do not find that the defendant received this order unconditionally. I find the defendant accepted order on condition that it would be made up and shipped when it received a minimum order or combination of orders aggregating twenty-five thousand (25,000) yards of goods," and found for the defendant.

The plaintiff in the report claims to be aggrieved by the denial of requests numbered (5) and (6) and that the finding is unwarranted as a matter of law.

In the hearing upon the report the plaintiff orally waived any claim as to request No. 5 that the contract was not severable, and based his whole argument upon the contention that the two orders set forth as a part of the report constituted a written contract and could not be varied by oral testimony that the orders were accepted conditionally. We treat any other issues as having been waived. *Kay v. Audet,*

306 Mass. 337, 338. The remaining contention cannot be sustained for two reasons:—

1st:— This question is not properly raised by either of the two requests numbered (5) and (6). Only questions of law raised by rulings of law are open upon claims of reports. *Holton v. American Pastry Products Corp.*, 274 Mass. 268, 271; *MacDonald v. Adamian*, 294 Mass. 187, 190; *Baker v. Davis*, 299 Mass. 345, 348-349; *Burns v. Winchell*, 305 Mass. 276, 282; *Carando v. Springfield Cold Storage Co. Inc.*, 307 Mass. 99, 101.

2nd:— Even if this question were presented by the denial of the requests, it is well settled that oral evidence is competent to show that a written agreement was to take effect only upon the happening of a condition precedent. *Howland v. Plymouth*, 319 Mass. 321, 324, and cases cited; *Mass Biographical Society v. Howard*, 234 Mass. 483, 487; *Bowes v. Christian*, 222 Mass. 359; *Young v. Hayes*, 212 Mass. 525, 531-532; *American Law Institute Restatement, Contracts.* Sec. 241.

We find no error.

*Report dismissed.*

I. H. Y. Muchnick, R. H. Gens, for the plaintiff.
Mowatt and Bond, for the defendant.

*Municipal Court of the City of Boston*

*Report dismissed.*

Mowatt and Bond, for the plaintiff.

I. H. Y. Muchnick, R. H. Gens, for the defendant.